UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN M SWINFORD,

    Plaintiff,

v.                                                        Case No: 8:21-cv-2993-MSS-JSS

360 BOOTH INC. and JAY G
SMITHWECK,

    Defendants.
_____/

## ORDER

Defendants 360 Booth Inc. and Jay G. Smithweck move to dismiss Plaintiff's First Amended Complaint (Dkt. 20) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Motion, Dkt. 23.) The court held a hearing on the Motion on July 6, 2022. (Dkt. 54.) At the hearing, Plaintiff's counsel represented that he intended to file a Second Amended Complaint that would include additional factual allegations to remedy defects within the First Amended Complaint. Upon consideration and for the reasons stated during the hearing:

1. Defendants' Motion to Dismiss (Dkt. 23) is **GRANTED** in part and the First Amended Complaint (Dkt. 20) is **DISMISSED** without prejudice.

2. Plaintiff is granted leave to amend and is directed to file a Second Amended Complaint, if desired, on or before July 20, 2022.

3. In filing the Second Amended Complaint, Plaintiff is reminded of the pleading requirements for patent infringement actions and the standards required to plead willful infringement. *See, e.g.*, *Agarwal v. Topgolf Int'l, Inc.*, No. 8:16-cv-2641-T-33JSS, 2017 WL 40804, at *1–2 (M.D. Fla. Jan. 4, 2017) (quoting *Mesh Comm, LLC v. EKA Sys., Inc.*, No. 8:09-cv-1064, 2010 WL 750337, at * 2 (M.D. Fla. Mar. 4, 2010)); *Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d 1327, 1342–43 (Fed. Cir. 2003) ("[T]he pleading requirement for willful infringement does not rise to the stringent standard required by [Fed. R. Civ. P. 9(b)]."). Furthermore, following Plaintiff's counsel's representations at the hearing, Plaintiff is encouraged to provide allegations, if any, clarifying the infringement theories Plaintiff is asserting for the patents at issue as to Defendants' products. *See, e.g.*, *Advanced Screenworks, LLC v. Mosher*, No. 2:19-cv-758-FtM-29MRM, 2020 WL 94562, at *2 (M.D. Fla. Jan. 8, 2020) (finding that the "combination of infringement claims into a single count constitutes a shotgun pleading") (collecting cases).

4. Plaintiff's allegations in the First Amended Complaint regarding literal infringement of Plaintiff's patents by Defendants' "one-door" product are dismissed with prejudice, as Plaintiff's counsel represented at the hearing that Plaintiff is not relying on a theory of literal infringement of each of Plaintiff's patents by Defendants' "one-door" product. As such, those

allegations should not be included within Plaintiff's Second Amended Complaint.

5. Plaintiff is further directed to file the at-issue patents as exhibits to the Second Amended Complaint.

Accordingly, Defendants' Motion to Dismiss (Dkt. 23) is **GRANTED** in part and Plaintiff is granted leave to file a Second Amended Complaint on or before July 20, 2022 in accordance with this order and the court's instructions at the July 6, 2022 hearing.

**ORDERED** in Tampa, Florida, on July 8, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record