UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN M. SWINFORD,

    Plaintiff,

v.                                                   Case No: 8:21-cv-2993-MSS-JSS

360 BOOTH INC. and JAY G.
SMITHWECK,

    Defendants.
_____/

## ORDER

Plaintiff moves to compel Defendants to provide responses and produce documents in response to Plaintiff's first and second sets of production requests and first interrogatories. (Motion to Compel, Dkt. 69.) Defendants oppose the Motion to Compel and request that the court enter a protective order regarding certain discovery requests issued by Plaintiff. (Dkt. 71.) Defendants also move the court for entry of an order regarding the exchange of electronically stored information (ESI) between the parties and submit a proposed ESI order (Dkt. 72-1). (Motion for an ESI Order, Dkt. 72.) Plaintiff opposes the Motion for an ESI Order. (Dkt. 74.)

The court held a hearing on the Motion to Compel and Motion for an ESI Order, among other pending motions, on November 16, 2022. (Dkt. 81.) At the hearing, Plaintiff clarified that the Motion to Compel seeks to compel Defendants to produce email communications and/or a privilege log in response to Requests No. 5,

6, 7, and 8 in Plaintiff's first set of requests for production (Dkt. 69-3) and Requests No. 1, 2, 3, and 4 in Plaintiff's second set of requests for production (Dkt. 69-9). Plaintiff also clarified that he is opposed to Defendants' proposed ESI order (Dkt. 72-1) only to the extent that in paragraph nine, the proposed order limits email production requests to a total of ten search terms per custodian per party. During the hearing, Defendants agreed to confer with Plaintiff regarding the establishment of search terms and other criteria for identifying relevant and proportional email communications and to produce responsive documents to Plaintiff on a rolling basis.

Accordingly, upon consideration and for the reasons stated during the hearing:

1. Plaintiff's Motion to Compel Responses and Document Production for Plaintiff's First and Second Production Requests and First Interrogatories (Dkt. 69) is **GRANTED in part** and **DENIED in part**.

2. The parties are directed to confer regarding the establishment of search terms and potential date limitations regarding certain of Plaintiff's requests and to come to an agreement regarding the criteria to be used in conducting searches for relevant and proportional email communications on or before November 28, 2022.

3. Defendants are directed to provide responses to Plaintiff's outstanding document requests on a rolling basis, with the initial production to be made on or before December 23, 2022, and the final production to be made on or before January 20, 2023.

4. Defendants are further directed to provide a privilege log, if necessary, to Plaintiff on or before January 20, 2023.

5. Defendants' Motion for Entry of an ESI Order (Dkt. 72) is **GRANTED in part** and **DENIED in part**. The proposed Order Regarding E-Discovery (Dkt. 72-1) is approved and incorporated herein, except that paragraph nine is amended to reflect that each requesting party shall limit its email production requests to a reasonable number of search terms per custodian per party.[1]

**ORDERED** in Tampa, Florida, on November 21, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] During the hearing, both parties indicated a willingness to confer regarding potential search terms to ensure that properly discoverable information is identified and produced. *See, e.g.*, *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. LLC*, No. 16-CV-81180, 2017 WL 4785457, at *3 (S.D. Fla. Oct. 20, 2017) ("this type of cooperation is exactly what this Court has been expecting from the parties and their counsel throughout this case—to work together to arrive at reasonable search terms, to run those search terms and engage in sampling to see if the search terms are producing responsive documents or excessive irrelevant hits, and then to continue to refine the search terms in a cooperative, professional effort until the search terms are appropriately refined and produce relevant documents without including an excessive number of irrelevant documents"); *F.D.I.C. v. Brudnicki*, 291 F.R.D. 669, 677 n.13 (N.D. Fla. 2013) (revising ESI protocol from three iterations of search term process to a "reasonable number" and noting that the court "expects the parties to act in good faith and reasonably in implementing the ESI protocol"); *see also* The Sedona Conference, *The Sedona Principles, 3d Ed.: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 124–25, Comment 6.b (2018) ("[A] responding party cannot unilaterally demand the requesting party submit proposed search terms and a list of custodians against which to run the search terms, or use the requesting party's reluctance to provide search terms as a shield to defend its own inadequate search terms. Conversely, a requesting party that refuses to participate in good faith discussions with a responding party may weaken its ability to challenge the processes, methodologies, or technologies selected by the responding party.").

Copies furnished to:
Counsel of Record