UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN M. SWINFORD,

    Plaintiff,

v.                                            Case No: 8:21-cv-2993-MSS-JSS

360 BOOTH INC. and JAY G. SMITHWECK,

    Defendants.
_____/

## ORDER

Defendants move for an order imposing sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. (Motion, Dkt. 60). Plaintiff opposes the Motion. (Dkt. 62.) The court held a hearing on the Motion, along with other pending motions, on November 16, 2022. (Dkt. 81.) Upon consideration and for the reasons stated during the hearing, Defendants' Motion for Sanctions (Dkt. 60) is denied without prejudice.

### BACKGROUND

Plaintiff sued Defendants for patent infringement on December 27, 2021. (Dkt. 1.) On February 16, 2022, Plaintiff filed a motion for preliminary injunction against Defendants' making, using, selling, offering for sale or importing of Defendants' 360Booth product. (Dkt. 12.) Plaintiff's Motion for a Preliminary Injunction asserted that Defendants' product infringed four of Plaintiff's patents and literally infringed (and infringed under the doctrine of equivalents) Plaintiff's patents at United States

Patent Nos. 8,830,320 (the 320 Patent) and 9,438,864 (the 864 Patent).  (*Id.* at 1.) Plaintiff submitted an affidavit and two claims charts in support of the motion.  (Dkts. 12-1, 12-2, 12-3.)  Defendants opposed Plaintiff's Motion for a Preliminary Injunction and submitted their own evidence in opposition.  *See* (Dkt. 26.)  The court scheduled an evidentiary hearing on the Motion for a Preliminary Injunction and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 23) for July 6, 2022.  (Dkt. 34.)

On June 23, 2022, Plaintiff moved for leave to file a reply in further support of the Motion for a Preliminary Injunction, which sought leave to respond to arguments asserted in Defendants' opposition and to proffer sworn evidence to counter Defendants' evidence.  (Dkt. 38.)  Defendants opposed Plaintiff's request for leave to file a reply because Plaintiff had not shown good cause or diligence for the request and that Plaintiff's attempt to introduce new evidence in support of the Motion for a Preliminary Injunction was improper.  (Dkt. 39.)  The court denied Plaintiff's motion for leave to file a reply brief.  (Dkt. 40.)  The parties then filed their exhibit and witness lists for the upcoming evidentiary hearing.  (Dkts. 41, 42, 43, 45.)

On July 1, 2022, Defendants filed a motion in limine requesting the court to strike Plaintiff's Exhibit List (Dkt. 43), which they argued contained newly disclosed evidence, and to prevent Plaintiff from introducing any new evidence or legal theories that were not part of his original Motion for a Preliminary Injunction.  (Dkt. 46.) Defendants argued, in part, that according to Middle District of Florida Local Rules 6.01 and 6.02, Plaintiff was required to have submitted all the evidence upon which

his motion relied with the original Motion for a Preliminary Injunction. (*Id.* at 3–6.) On July 2, 2022, Plaintiff requested that the court withdraw his Motion for a Preliminary Injunction and cancel the upcoming evidentiary hearing (Dkt. 47), which the court subsequently did (Dkts. 48, 49, 50). On July 6, 2022, the court conducted the hearing on Defendants' Motion to Dismiss the Amended Complaint, at which Plaintiff agreed to dismiss certain of his claims regarding literal infringement. *See* (Dkt. 56.)

Defendants now move for sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. (Dkt. 60.) Defendants argue that Plaintiff's Motion for a Preliminary Injunction was legally and factually deficient and that Plaintiff's counsel unreasonably and vexatiously multiplied proceedings by waiting until four days before the scheduled hearing to withdraw the motion. (*Id.*) With the instant Motion, Defendants seek to recover their attorneys' fees, costs, and expenses associated with defending the withdrawn Motion for a Preliminary Injunction and preparing for the canceled evidentiary hearing. (*Id.* at 17; Dkt. 60-4.)

## APPLICABLE STANDARDS

Vexatious multiplication of proceedings is prohibited. *See* 28 U.S.C. § 1927. Section 1927 provides, in relevant part, that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Nevertheless, "an attorney's conduct must be particularly egregious to warrant the imposition of sanctions—the attorney must *knowingly* or

*recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) (emphasis in original). Section 1927 is designed to "sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (quoting *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th Cir. 1993)). "Bad faith' is the touchstone." *Schwartz*, 341 F.3d at 1225; *Amlong & Amlong, P.A.*, 500 F.3d at 1239 ("We have consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith.'") (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)).

## ANALYSIS

Upon consideration and for the reasons stated at the hearing, the court finds that the imposition of sanctions is not warranted at this time. The issues raised with respect to Plaintiff's Motion for a Preliminary Injunction, including Plaintiff's attempt to file a reply in further support of that motion (Dkt. 38) and Plaintiff's subsequent withdrawal of that motion (Dkt. 47), appear to the court to be largely due to the lack of clarity surrounding Plaintiff's allegations in the Amended Complaint (Dkt. 20), rather than due to bad faith or egregiously reckless conduct on the part of Plaintiff's counsel.

Nevertheless, as stated during the hearing, the court remains concerned about whether all parties are working towards "the just, speedy, and inexpensive" resolution

of this matter.  Fed. R. Civ. P. 1.  The parties are reminded of their obligations under the Federal Rules of Civil Procedure and otherwise, and to the extent that future conduct in this litigation warrants the court's consideration of sanctions against either party, the parties' may bring those issues to the court's attention.

    Accordingly, Defendants' Motion for Sanctions (Dkt. 60) is **DENIED without prejudice**.

    **ORDERED** in Tampa, Florida, on November 21, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record