UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN M. SWINFORD,

      Plaintiff,

v.                                                    Case No: 8:21-cv-2993-MSS-JSS

360 BOOTH INC. and JAY G.
SMITHWECK,

      Defendants.

_____/

## ORDER

Defendants move to dismiss Plaintiff's Second Amended Complaint (Dkt. 59) with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and 15. (Motion, Dkt. 61.) Plaintiff opposes the Motion. (Dkt. 64.) On November 16, 2022, the court held a hearing on the Motion, along with several other pending motions. (Dkt. 81.) Upon consideration and for the reasons stated during the hearing, Defendants' Motion to Dismiss (Dkt. 59) is granted in part and denied in part.

## BACKGROUND

Plaintiff sued Defendant for patent infringement on December 27, 2021. (Dkt. 1.) After Defendants moved to dismiss the initial complaint (Dkt. 19), Plaintiff filed an amended complaint on February 20, 2022. (Dkt. 20.) Defendants then moved to dismiss Plaintiff's Amended Complaint (Dkt. 23), and Plaintiff opposed the motion (Dkt. 24).

On July 6, 2022, the court held a hearing on Defendants' Motion to Dismiss the Amended Complaint.  (Dkt. 54.)  During the hearing, Plaintiff agreed to dismiss the Amended Complaint and to file a second amended complaint remedying certain defects identified by Defendants.  *See* (Dkt. 56.)  Plaintiff thereafter filed the Second Amended Complaint on July 20, 2022.  (Dkt. 59.)

With the instant Motion, Defendants move to dismiss the Second Amended Complaint with prejudice.  (Dkt. 61.)  Defendants argue that dismissal is warranted because the Second Amended Complaint violates the court's order (Dkt. 56) by containing allegations of literal infringement by Defendants' one-door product and because the Second Amended Complaint is a shotgun pleading.  (*Id.* at 2–6.)  Defendants also argue that the Second Amended Complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because (1) it fails to adequately plead indirect infringement by Defendants' two-door product, (2) infringement under the doctrine of equivalents by Defendants' one-door product is barred by estoppel, (3) the remaining allegations against Defendants' two-door product are insufficient, and (4) the allegations against Defendant Smithweck in his individual capacity are insufficient.  (*Id.* at 7–24.)

## ANALYSIS

### A. Plaintiff's Allegations of Literal Infringement by Defendants' One-Door Product

At the hearing on the Motion, Plaintiff's Counsel represented that Plaintiff is not pursuing claims of literal infringement by Defendants' one-door product of any of

the patents-in-suit: U.S. Patent Nos. 9,438,864 (the 864 Patent), 8,830,320 (the 320 Patent), and 8,830,321 (the 321 Patent).[1]  However, Plaintiff's counsel acknowledged that the Second Amended Complaint contains certain allegations of literal infringement of Plaintiff's patents by Defendants' one-door product. *See, e.g.*, (Dkt. 59 ¶¶ 12, 30.)

Based on Plaintiff's Counsel's representations, Plaintiff's allegations of literal infringement of each of the patents-in-suit by Defendants' one-door product are therefore dismissed with prejudice.  Such allegations are not to be included in any forthcoming third amended complaint.

## B. Shotgun Pleading

The Eleventh Circuit has identified several categories of "shotgun pleadings," including, as relevant here, a complaint that fails to separate into a different count each cause of action or claim for relief.  *See Weiland v. Palm Breach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015); *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (finding shotgun pleading where complaint "lumps multiple claims together in one count").

---

[1] Based on its understanding of Plaintiff's Counsel's representations at the July 6, 2022 hearing, the court had previously dismissed with prejudice Plaintiff's allegations of literal infringement of each of Plaintiff's patents by Defendants' one-door product.  (Dkt. 56.)  However, in his opposition to the instant Motion, Plaintiff represents that he had intended to dismiss only his literal infringement claims by Defendants' one-door product as to one of Plaintiff's patents.  (Dkt. 64 at 2.)  Nevertheless, Plaintiff now states that he is not pursuing literal infringement as to each of the patents-in-suit by Defendants' one-door product as evidenced by his Preliminary Infringement Contentions that do not assert such infringement.  (*Id.* (citing Dkt. 63).)

Although Plaintiff argues that the Second Amended Complaint distinguishes each count into separate paragraphs (Dkt. 64 at 3), each paragraph falls under the general heading of infringement of the patents-in-suit pursuant to 35 U.S.C. § 271(a)– (c) and the paragraphs all appear to incorporate the general descriptions of Defendant Smithweck's conduct, Plaintiff's damages, and Defendants' knowledge of Plaintiff's patents in paragraphs 50–53.  *See* (Dkt. 59 ¶¶ 41–53.)  Such pleading is insufficient to satisfy Plaintiff's obligation to separate each cause of action or claim for relief into a different count.  *See, e.g.*, *O.E. Wheel Distributors, LLC v. Mobile Hi-Tech Wheels, LLC*, No. 8:21-cv-2573-CEH-SPF, 2022 WL 2918028, at *5 (M.D. Fla. July 25, 2022) (dismissing complaint for patent infringement as shotgun pleading "because it groups multiple causes of action under the veil of a single count") (collecting cases); *Advanced Screenworks, LLC v. Mosher*, No. 2:19-cv-758-FtM-29MRM, 2020 WL 94562, at *2 (M.D. Fla. Jan. 8, 2020) (finding that the "combination of infringement claims into a single count constitutes a shotgun pleading").

In any forthcoming third amended complaint, Plaintiff is therefore directed to use headers to number and delineate each count that asserts particular alleged violations of Plaintiff's patents as to each of Defendants' products (e.g. COUNT ONE – Direct Infringement of Plaintiff's 864 Patent by Defendants' Two-Door Product in violation of 35 U.S.C. § 271(a) asserted against Defendant 360Booth, Inc. and Jay Smithweck; COUNT TWO – Indirect Infringement of Plaintiff's 320 Patent by Defendants' One-Door Product in violation of 35 U.S.C. § 271(c) asserted against Defendant 360Booth, Inc.).  Under each count alleged, Plaintiff should include or

reference, the specific allegations in the third amended complaint that support the count and the infringement theory asserted.  These allegations should include, if applicable, support for Plaintiff's assertions of individual liability against Defendant Smithweck, damages, and any other applicable remedy.

## C. Defendants' Remaining Arguments for Failure to State a Claim

Having dismissed Plaintiff's Second Amended Complaint based on Plaintiff's counsel's representations at the hearing, the court expresses no opinion as to the merits of Defendants' remaining arguments for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  Nonetheless, with the benefit of Defendants' arguments, Plaintiff is encouraged to review the Second Amended Complaint to remedy any potential deficiencies in any forthcoming third amended complaint. *See, e.g. Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (outlining standards to assert patent infringement to include alleging "ownership of the asserted patent, names each individual defendant, cit[ing] the patent that is allegedly infringed, describ[ing] the means by which the defendants allegedly infringe, and point[ing] to the specific sections of the patent law invoked"); *O.E. Wheel Distributors, LLC*, 2022 WL 2918028, at *7–10 (M.D. Fla. July 25, 2022) (dismissing complaint as shotgun pleading but discussing standards necessary to plead direct and indirect infringement theories as well as intentional, willful, and wanton infringement to find that complaint otherwise satisfies Rule 12(b)(6)).

Accordingly,

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Patent Infringement (Dkt. 61) is **GRANTED in part** and **DENIED in part**.

2. The Second Amended Complaint (Dkt. 59) is **DISMISSED without prejudice** and Plaintiff is directed to file a third amended complaint, if warranted, on or before December 9, 2022, in accordance with the court's instructions at the November 16, 2022 hearing and as discussed herein.

**ORDERED** in Tampa, Florida, on November 21, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record