# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**DATE:**  October 30, 2025

**TO:**  Clerk, United States Court of Appeals for the Federal Circuit

---

**STEPHEN M. SWINFORD,**

      **Plaintiff.**

**v.**                                                    **Case No:   8:21-cv-02993-MSS-UAM**


**360 BOOTH INC. and JAY G. SMITHWECK,**

        **Defendants.**

---

**U.S.C.A. Case No:**                **TBD**

- Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable **Judge Mary S. Scriven,** United States District Judge appealed from.

- Appeal filing paid. Receipt No. AFLMDC-24056459.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.


        ELIZABETH M. WARREN, CLERK

        By:  s/MLB, Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN M. SWINFORD,

    Plaintiff,

v.

360BOOTH INC. AND JAY G.
SMITHWECK,

    Defendants.

Case No. 8:21-cv-02993-MSS-JSS

## NOTICE OF APPEAL

NOTICE OF APPEAL of Plaintiff Stephen M. Swinford, by and through his undersigned counsel, who hereby files this Notice of Appeal to the **United States Court of Appeals for the Federal Circuit,** providing notice of appeal of:

(1) the Order by this District Court on July 28, 2025 (Dkt. 222), that Plaintiff's US Patent Nos. 8,830,320 (the "'320 Patent"), 8,830,321 (the "'321 Patent"), and 11,570,369 (the "'369 Patent") are unenforceable for inequitable conduct; and

(2) the Order entered by the District Court on October 1, 2025 (Dkt._229) in favor of Defendants and against Plaintiff, meaning Plaintiff's '320 Patent, '321 Patent, and '369 Patent are judged unenforceable.

Dated this 30th day of October, 2025

By: */s/ Eric P. Mirabel*
Eric P. Mirabel, JD, LLM
Texas State Bar No. 14199560

1

Special Admission
3783 Darcus St.
Houston, Texas 77005
Telephone: 281 772-3794
Email: emirabel@comcast.net

Bradford J. Duft
CA State Bar No. 96423
Special Admission
620 W Solana Cir, Unit 2G,
Solana Beach 92075-2353 CA
Telephone: (858) 344-0755
brad@codatherapeutics.com

ATTORNEYS FOR PLAINTIFF,
STEPHEN M. SWINFORD

## CERTIFICATE OF SERVICE

On October, 30, 2025, I hereby certify that a true and correct copy of the foregoing document was served on opposing counsel via the CM/ECF system.

/s/ Eric P. Mirabel

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN M. SWINFORD,

    Plaintiff,

v.                             Case No. 8:21-cv-02993-MSS-UAM

360BOOTH INC. and JAY G.
SMITHWECK,

    Defendants.

_____/

**ORDER**

**THIS CAUSE** comes before the Court for consideration after a two-day bench trial. Following the trial, the Parties submitted proposed Findings of Fact and Conclusions of Law. (Dkts. 219, 220) After careful consideration of the exhibits received into evidence, testimony, argument of counsel, all relevant filings, applicable law, and being otherwise fully advised, the Court hereby issues its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a) on Defendants' claims of inequitable conduct and infectious unenforceability, which are raised in Defendants' Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses.

**I.    BACKGROUND**

Plaintiff filed this action against Defendants for patent infringement on December 27, 2021. Dkt. 1. In the Fourth Amended Complaint, Plaintiff asserted Defendants' products infringe on Plaintiff's patents, the United States Patents

numbered 8,830,320 (the "'320 Patent"), 8,830,321 (the "'321 Patent"), 9,438,864 (the "'864 Patent"), and 11,570,369 (the "'369 Patent") (collectively, the "patents-in-suit"). Dkt. 92. In response to the Fourth Amended Complaint, Defendants' Answer and Affirmative Defenses raised a claim of inequitable conduct against Plaintiff. Dkt. 96. Later, Defendants amended their Answer to add several affirmative defenses, including additional claims of inequitable conduct. Dkt. 108. Plaintiff filed the operative Fifth Amended Complaint on June 27, 2023, alleging infringement of the '320 Patent, the '864 Patent, and the '369 Patent.[1] Dkt. 134. Defendants filed a renewed Answer and Affirmative Defenses on July 11, 2023, in which Defendants again raised claims of inequitable conduct against Plaintiff. Dkt. 138.

Defendants allege Plaintiff engaged in inequitable conduct in several of Plaintiff's interactions with the United States Patent and Trademark Office (the "PTO"). Specifically, Defendants assert (1) Plaintiff made misrepresentations to the PTO to reinstate the '320 and '321 Patents after they expired for Plaintiff's failure to pay maintenance fees,[2] (2) Plaintiff made misrepresentations to the PTO to revive the patent application that would later issue as the '369 Patent after it was abandoned for Plaintiff's failure to respond to the PTO,[3] and (3) Plaintiff failed to disclose Defendants' products and patent as material prior art during Plaintiff's prosecution of

---

[1] The '321 Patent was dropped from Plaintiff's infringement allegations in the Fifth Amended Complaint; however, the patent is still at issue in Defendants' counterclaims for declaratory judgment and is challenged for alleged inequitable conduct.

[2] The Eleventh Affirmative Defense.

[3] The Twelfth Affirmative Defense.

2

the application that would later issue as the '864 Patent.[4] Id. Patents issued as a result of inequitable conduct are unenforceable. See Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1290 (Fed. Cir. 2011) (*en banc*). Therefore, Defendants argue, the Court need not reach the merits of Plaintiff's infringement claims because the alleged inequitable conduct renders each of the patents-in-suit unenforceable. Defendants' Thirteenth Affirmative Defense is one of infectious unenforceability. Dkt. 138 at 31. In this Defense, Defendants argue that due to inequitable conduct in the prosecution of the '369 Patent, a subsequent, related patent, U.S. Patent No. 11,778,328 (the "'328 Patent"), should also be found to be unenforceable. Id.

Plaintiff filed the Motion for Summary Judgment of No Inequitable Conduct. Dkt. 152. Therein, Plaintiff sought summary judgment of no inequitable conduct on Defendants' Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses. Defendants responded in opposition to Plaintiff's Motion, seeking summary judgment on these defenses in their favor under Fed. R. Civ. P. 56(e). Dkt. 170.

Finding disputed issues of material fact precluded a ruling on summary judgment, the Court held a bench trial on Defendants' claims of inequitable conduct. The following findings of fact and conclusions of law result from the trial.

---

[4] The Tenth Affirmative Defense.

3

## II.   FINDINGS OF FACT

Mr. Swinford is the inventor and owner of the four patents-in-suit: the '320 Patent, the '321 Patent, the '864 Patent, and the '369 Patent.[5] Dkt. 92 at 2; Dkt. 134, at 2. In this lawsuit, Mr. Swinford alleges that Defendants infringe the '320, '369, and '864 Patents through their manufacture, use, and sale of Defendants' "car photo booths."

Mr. Swinford first filed a provisional application with the PTO on March 10, 2010 (the "Provisional Application"). PX 1. The Provisional Application describes a revolving outdoor photo studio. PX 1. About a year later, Mr. Swinford filed two applications on March 9, 2011 that would later issue as the '320 and '321 Patents. DX 87; DX 107. The '320 Patent describes an indoor photo studio that enables the photography of a product, such as a vehicle, against a revolving backdrop. DX 87. Similarly, the '321 Patent describes a photo booth with a revolving curved wall. DX 107. Both the '320 and '321 Patents contain drawings of an apparatus with a revolving curved wall or backdrop resting on wheels attached to axles. DX 107; DX 87. The abstracts for the two patents are identical and describe

> an apparatus and a process for producing and viewing through the internet high-resolution images of the commonly viewed exterior surfaces of a vehicle, while maintaining the same background view for multiple images of the vehicle. The background and the imaging device are revolved around a vehicle which is maintained in fixed position between the background and the imaging device.

---

[5] The United States Patent numbered 8,830,321 (the "'321 Patent"), was dropped from Plaintiff's infringement allegations in the Fifth Amended Complaint; however, the patent is still at issue in Defendants' counterclaims for declaratory judgment and is challenged for alleged inequitable conduct.

4

DX 87; DX 107. The '321 Patent also claims this apparatus "including tracks which define the arc of revolution" of the studio. DX 107 at Claim 2. The '320 Patent does not claim or mention "tracks."

Defendants' automobile photography studios use a revolving, curved wall as a studio backdrop. The wall contains at least one opening to permit cars to enter the studio "booth." The alleged infringing products include Defendants' single entrance/exit car photo booths as well as Defendants' double entrance/exit car photo booths. Dkt. 134. The first iteration of Defendants' products, the Outdoor Studio, was operational by May 2012. Trial Tr. Day 2 at 169-171. Another iteration of Defendants' products, the Indoor Studio, was operational and in use by April 2013. Trial Tr. Day 2 at 179. Mr. Smithweck filed a patent application for the products on August 12, 2014, which issued as U.S. Patent 9,046,740 (the "'740 Patent") on June 2, 2015. DX 95. The '740 Patent describes a

> photography studio [that] includes a stationary circular track surrounding a product setup location . . . , an upright curved wall defining a studio backdrop and at least partially surrounding the platform, a front curved overhead member mount across a side opening in the wall, and a plurality of spaced apart rollers rotatably mounted on a lower end portion of the wall and engaged with the track so as to mount the wall upon the track for undergoing revolvable movement along the track and about the platform to relocate the side opening of the wall at any selected angular position in relation to the platform.

DX 95 at 1. The '740 Patent does not disclose or claim that the studio includes an imaging device or camera.

Defendants' products and Mr. Swinford's products are intended to be used for the same purpose—to facilitate the photography of a vehicle from all angles such that

5

each photo has a consistent backdrop without having to move the vehicle itself. Defendants' products, according to the claims of the '740 Patent and the depictions of the Studios in the record, do not include an imaging device as a part of their design. Mr. Swinford's products do.

**A.    Facts Relevant to the Reinstatement of the '320 and '321 Patents.**

Patent maintenance fees are due three-and-a-half years after a patent is granted. The PTO accepts late payments of maintenance fees if made before the fourth anniversary of the grant of the relevant patent but imposes a surcharge on these late payments. If the maintenance fees and any applicable surcharge are not paid by the fourth anniversary of the grant, the patent expires. However, the PTO may accept the payment of a maintenance fee due on an expired patent if the delay in payment of the fee was unintentional. If the PTO accepts the delayed payment of the maintenance fee, the patent is considered as not having expired. See 37 C.F.R. §§ 1.20(e), 1.362(g), and 1.378(a). Any petition to the PTO to accept delayed payment of a maintenance fee and to revive an expired patent requires the petitioner to certify that "the delay in payment of the maintenance fee was unintentional." DX 81 at 360BOOTH-PA0000015-16; DX 82 at 360BOOTH-PA0000189-90.

The following relevant example and warning language has been featured in § 2590 of the Manual of Patent Examining Procedure (the "MPEP") since at least 2018:

> Petitioner is reminded that a delay resulting from a deliberately chosen course of action or a change in circumstances is not an unintentional delay.

6

> Petitioner is further reminded that a person seeking reinstatement of an expired patent should not make a statement that the delay in payment of the maintenance fee was unintentional unless the entire delay was unintentional, including the period from discovery that the maintenance fee was not timely paid until payment of the maintenance fee. For example, a statement that the delay in payment of the maintenance fee was unintentional would not be proper when the patentee becomes aware of an unintentional failure to timely pay the maintenance fee and then intentionally delays filing a petition for reinstatement of the patent under 37 CFR 1.378. See MPEP 2590.

DX 141 at 360BOOTH0043019-20.

Two of Mr. Swinford's patents, the '320 and '321 Patents, issued on September 9, 2014. DX 87; DX 107. On February 23, 2018, Mr. Mirabel, Mr. Swinford's patent lawyer, emailed Mr. Swinford a reminder that the '320 and '321 Patents were going to expire unless maintenance fees were paid by February 27, 2018. DX 30; Dkt. 162 at ¶ 22; Trial Tr. Day 1 at 149:24-150:15. The fourth anniversary of '320 and '321 Patents—the last day to pay the 3.5-year maintenance fee (with an added late fee)—was September 9, 2018. Dkt. 162 at ¶ 21.

Mr. Mirabel and Mr. Swinford communicated about these maintenance fees several times between February 2018 and September 2018. DX 99 at 47:15-48:6; Dkt. 162 at ¶ 23; Trial Tr. Day 1 at 150:19-151:20. On July 18, 2018, Mr. Mirabel emailed Mr. Swinford a reminder that the maintenance fees for the '320 and '321 Patents were due before September 9, 2018. DX 31; Dkt. 162 at ¶ 24; Trial Tr. Day 1 at 154:3-7. Then, on September 22, 2018, Mr. Swinford texted Mr. Mirabel his credit card number and instructed Mr. Mirabel to pay the 3.5-year maintenance fees for the '320 and '321

Patents. DX 99 at 51:5-22; Dkt. 162 at ¶ 25; Trial Tr. Day 1 at 29:16-19, 154:14-18. Mr. Mirabel responded to Mr. Swinford's text message by email and informed him it was too late; the patents had expired. DX 32; Dkt. 162 at ¶ 26; Trial Tr. Day 1 at 155:1-15. Mr. Mirabel told Mr. Swinford, "You will need to petition to revive them ($1500 fee) and pay the maintenance fee for each. The deadline to do that is two years from September 1[,]" *i.e.*, September 1, 2020. DX 32; Dkt. 162 at ¶ 26; Trial Tr. Day 1 at 155:1-15.

This two-year deadline was the deadline to use a form on the PTO's electronic filing system, EFS-Web, to reinstate the '320 and '321 Patents. Trial Tr. Day 1 at 155:13-156:6. EFS-Web petitions are automatically granted and never subject to human review. Trial Tr. Day 1 at 163:1-13. So, the two-year deadline about which Mr. Mirabel advised Mr. Swinford was the deadline for petitioning the PTO to reinstate the '320 and '321 Patents without any risk that the PTO would request additional information about the delay. Trial Tr. Day 1 at 163:14-23. Mr. Swinford testified that Mr. Mirabel advised him, "[A]t this point take your time . . . I'd just wait the two years." DX 122 at 71:16-72:10.

Mr. Swinford followed Mr. Mirabel's advice and affirmatively chose to delay paying the overdue maintenance fees and seeking reinstatement of the '320 and '321 Patents for two years. Trial Tr. Day 1 at 32:1-16, 156:10-157:16. Mr. Mirabel knew that Mr. Swinford had chosen to wait two years to pay the overdue maintenance fees and file the petitions for reinstatement. DX 99 at 51:19-52:6, 53:19-55:6; Trial Tr. Day 1 at 157:13-16.

8

Later, in February 2020, Mr. Swinford and Mr. Mirabel discussed paying the fees for the '320 and '321 Patents. Trial Tr. Day 1 at 32:13-33:5. Then, within the two-year window, on June 3, 2020, Mr. Mirabel filed petitions to reinstate the '320 and '321 Patents under 37 C.F.R. § 1.378(b). DX 81 at 360BOOTH-PA0000020-21; DX 82 at 360BOOTH-PA0000184-85. Mr. Swinford testified that the reason he and Mr. Mirabel did not file the petitions to reinstate the '320 and '321 Patents before June 3, 2020 "was . . . an issue of us just getting together to make certain that everybody had a good understanding of what needed to be done, the fees that were involved, that type of stuff." Trial Tr. Day 1 at 33:10-19. That same day, June 3, 2020, the PTO granted the petitions and reinstated the '320 and '321 Patents. DX 81; DX 82; Dkt. 162 at ¶ 29; Trial Tr. Day 1 at 38:12-14, 162:20-163:3.

In each petition, Mr. Mirabel certified that the delay in payment of the maintenance fee for the patent was unintentional. DX 81 at 360BOOTH-PA0000015-16; DX 82 at 360BOOTH-PA0000189-90; Dkt. 162 at ¶ 28, 30; Trial Tr. Day 1 at 164:2-8. Mr. Mirabel testified that he believed a party may truthfully certify the delay was unintentional as long as the initial failure to pay the fees by the deadline was unintentional, even if the patentholder then, after learning the patent expired, intentionally delays payment of the fees. Mr. Mirabel testified that he intended only to certify that Mr. Swinford unintentionally missed the deadline to pay the maintenance fees. Trial Tr. Day 1 at 197:7-20. He testified he did not mean to certify that the

9

subsequent delay from September 22, 2018 to June 3, 2020 was unintentional.[6] Id. By way of this testimony, Mr. Mirabel admitted that he and Plaintiff intentionally did not pay the required fees and surcharge from September 22, 2018 until June 3, 2020. Trial Tr. Day 1 at 182:7-12 ("The decision to pay two years later was certainly an intentional decision, or somewhat less than two years later, yes."); 183:14-184:15.

Nonetheless, Mr. Mirabel and Mr. Swinford also testified that they believed the delay in paying the fees was unintentional because they believed Mr. Swinford was entitled to take up to two years to pay. Mr. Mirabel testified at trial that he was not aware that the petition required a certification that the entire delay was unintentional; Mr. Mirabel admitted he did little to no research concerning the "unintentional delay" certification before he filed the petitions to reinstate the '320 and '321 Patents. Trial Tr. Day 1 at 171:21-172:1; 193:9-12; 193:15-194:1. Thus, Mr. Mirabel advised Mr. Swinford he could wait two years to pay the fees. Mr. Mirabel argued that Mr. Swinford, in following this advice, did not intentionally delay the payment but rather exercised a right not to pay. Trial Tr. Day 1 at 168:7-169:2.

Mr. Mirabel testified that, at the time he was advising Mr. Swinford and at the time he filed the petitions, he was not aware of the MPEP guidance that advises against making "a statement that the delay in payment of the maintenance fee was

---

[6] In other words, Mr. Mirabel argued that the "delay" under 37 C.F.R. § 1.378(b) in this case began on September 10, 2018, the day after the fees were due, and ended on September 22, 2018, the day Mr. Swinford realized he missed the deadline to pay the fees. Trial Tr. Day 1 at 164:13-165:17. Thus, Mr. Mirabel testified that he believed the time between September 22, 2018 and June 3, 2020 did not constitute the "delay" referenced in § 1.378(b). Trial Tr. Day 1 at 164:13-165:17.

unintentional . . . when the patentee becomes aware of an unintentional failure to timely pay the maintenance fee and then intentionally delays filing a petition for reinstatement of the patent under 37 CFR 1.378." DX 141 at 360BOOTH0043019-20; Trial Tr. Day 1 at 189:14-191:11. When confronted with this at trial, he insisted the guidance contains "permissive language, it's not prohibitive, it's not prohibitory." Trial Tr. Day 1 at 180:1-13. Mr. Mirabel reasoned that the certification does not require the entire period of delay to be unintentional because "the PTO is interested in having the maintenance fees paid for their revenue stream, so they're trying to give you the right to pay within a reasonable period and have reinstatement so that they get revenue so the patents stay in force so that . . . people don't lose patent rights unintentionally . . . ." Trial Tr. Day 1 at 179:7-16.

The Court does not credit Mr. Mirabel's testimony and finds Mr. Mirabel knew that the "delay in the payment of maintenance fees" refers to the delay between the discovery of a missed payment and the filing of a petition to reinstate the patent. Furthermore, the Court finds Mr. Mirabel knew the meaning of "delay" when he filed the petitions, but he assumed no one would ever probe the veracity of his certification. To this end, Mr. Mirabel used EFS Web forms that are granted automatically, without any human review, to request the PTO reinstate the '320 and '321 Patents. Trial Tr. Day 1 at 155:13-156:16, 162:20-163:13. Moreover, the Court finds that Mr. Swinford's choice to delay payment of the fees was intentional even if the decision was based on Mr. Mirabel's erroneous legal advice.

Mr. Mirabel never asked Mr. Swinford whether his delay was intentional or unintentional, or why he chose to delay, before he filed the petitions to reinstate the '320 and '321 Patents. DX 99 at 78:1-15, 79:4-80:7; Trial Tr. Day 1 at 195:7-197:12.

**B.    Facts Relevant to the Revival of '650 Application.**

On September 5, 2016, Mr. Mirabel filed the '650 Application, which ultimately issued as the '369 Patent, on Mr. Swinford's behalf. DX 16; Dkt. 162 at ¶ 8; Trial Tr. Day 1 at 44:21-45:4. On September 16, 2016, the PTO mailed Mr. Mirabel a "Notice to File Missing Parts of Nonprovisional Application" related to the '650 Application. DX 17; Dkt. 162 at ¶ 10; Trial Tr. Day 1 at 45:14-17. The Notice stated Mr. Swinford and Mr. Mirabel had two months to pay $840 in filing fees and submit various missing items; otherwise, the '650 Application would be abandoned. Id. In mid-September 2016, Mr. Mirabel informed Mr. Swinford that he had filed the '650 Application "and that fees were due to maintain it." DX 61 at 1. Mr. Mirabel told Mr. Swinford that the fees were due in September and must be paid by November 16, 2016. DX 122 at 14:20-14:23; Trial Tr. Day 1 at 45:18-22, 82:1-7. Mr. Swinford later certified to the PTO that he "did not give [Mr. Mirabel] any instructions to proceed as [Mr. Swinford] wished to delay payment of fees and related expenses until closer to mid-November 2016 deadline." DX 61 at 1.

On October 30, 2016, Mr. Mirabel emailed Plaintiff about the '650 Application (and another application filed the same day as the '650 Application), stating, "[I]f you want to retain either of these applications, I recommend paying the filing fees. I will do that for you, if you provide [payment information]." Dkt. 162 at ¶ 12; DX 105. Mr.

12

Mirabel also attached an invoice "for all matters due." DX 105. The invoice showed a total balance due of $8,332.64, which Mr. Swinford never paid. DX 105; Trial Tr. Day 1 at 49:17-24.

On November 3, 2016, JR Corby, the Imaging Manager for Manheim Corporate, an automobile auction company, emailed Mr. Swinford to inform him that a Manheim division was ordering a product from a company called Autoexact that resembled Mr. Swinford's product. DX 160 at SwinfordFirst000368. Mr. Corby asked Mr. Swinford to confirm whether Mr. Swinford's product was patented and whether he intended to pursue Autoexact for infringement. Id. Defendant Mr. Smithweck owns Autoexact. Trial Tr. Day 2 at 130. The next day, Mr. Swinford emailed Mr. Mirabel: "Have been in the middle of a family crisis . . . but no excuse as to me not responding sooner." DX 19 at 2. Mr. Swinford also said, "Got your revised invoice," referencing Mr. Mirabel's invoice from the October 30, 2016 email. DX 19 at 2; Trial Tr. Day 1 at 52:6-21. Then, on November 6, 2016, Mr. Swinford emailed Mr. Mirabel to inform him that he found Mr. Smithweck's '740 Patent via Google Patent search. DX 19 at 1-2; Dkt. 162 at ¶ 11; Trial Tr. Day 1 at 57:18-58:24. He stated, the "only reason I bring it up is Manheim has scheduled a demo. with us and is Now concerned with patents…..and who what, and possible infringement.??" DX 19 at 1-2; Dkt. 162 at ¶ 11; Trial Tr. Day 1 at 57:18-58:24.

A week later, on November 14, 2016, Mr. Mirabel emailed Mr. Swinford about the '650 Application, stating, "If you don't want to pay and keep either or both of [the

13

'649 and '650] applications, I will simply not pay, and let them go abandoned." DX 48 at 2; Dkt. 162 at ¶ 13; Trial Tr. Day 1 at 58:25-59:9.

On November 15, 2016, Mr. Swinford received an email from Mr. Corby inquiring about Mr. Swinford's photo booths. DX 160 at SwinfordFirst000371. Mr. Swinford responded to Mr. Corby from his iPhone thirty-one minutes later. DX 160 at SwinfordFirst000371. On November 22, 2016, Mr. Swinford emailed Mr. Corby to ask if Mr. Corby had any interest in his product or any questions. Trial Tr. Day 1 at 67:5-19; DX 160 at SwinfordFirst000371.

On December 5, 2016, Mr. Mirabel emailed Mr. Swinford to note the penalty for late filing as to the '650 Application would increase if not made by December 16, 2016. DX 48 at 1; Dkt. 162 at ¶ 14; Trial Tr. Day 1 at 77:20-78:4. Likewise, on January 4, 2017, Mr. Mirabel emailed Plaintiff and reminded him that the filing fees for the '650 Application needed to be paid or it "will be abandoned soon." Dkt. 162 at ¶ 16. Mr. Swinford did not respond or take any action in response to these reminders from Mr. Mirabel.

At trial, as explanation for his failure to respond, Mr. Swinford testified that he did not read any emails from November 6, 2016 until March 2018. Trial Tr. Day 1 at 59:13-60:1, 64:5-16. When confronted with the fact that he kept his Canadian patents up to date and paid all required fees in a timely fashion, Mr. Swinford testified that the only exception he made for answering emails related to his Canadian patent applications, which he read and to which he responded in March 2017. Trial Tr. Day 1 at 85:13-86:11; PX 29 at 3-4; DX 122 at 63:9-64:9; DX 29 at 4. The evidence at trial,

14

however, established that Mr. Swinford read and responded to other emails during this period, such as the emails from Mr. Corby. DX 160 at SwinfordFirst000371. Mr. Swinford also admitted that he likely saw the subject line of Mr. Mirabel's November 14, 2016 email—"RE: new filings, Serial Nos. 15/256,650[.]" Trial Tr. Day 1 at 74:12-19; DX 48 at 2. Thus, the Court does not credit Mr. Swinford's testimony that he did not read any emails during this period. Instead, the Court believes Mr. Swinford read the emails notifying him of the application's abandonment, and finds that his failure to respond to them shows he intentionally abandoned the '650 Application.

On May 19, 2017, the PTO mailed Mr. Mirabel a notice that informed Mr. Mirabel the '650 Application was abandoned for failure to timely or properly reply to the Notice to File Missing Parts mailed on September 16, 2016. DX 28; Trial Tr. Day 1 at 221:11-13. Mr. Mirabel did not contact Mr. Swinford about attempting to revive the '650 Application in 2017 or 2018. Trial Tr. Day 1 at 89:16-21. Mr. Mirabel testified, "At that point, he wasn't responding, I assumed he didn't want it[.]" Trial Tr. Day 2 at 212:1-12. Thus, Mr. Mirabel also intentionally abandoned the '650 Application.

Defendants argued at trial that Mr. Swinford was likely unable to pay the fees related to the '650 Application in 2016 because of his financial circumstances. In mid-September 2016, Mr. Swinford did not have enough money in either of his family's primary bank accounts to pay the fees for '650 Application. DX 12 at 3; DX 6 at 1. Indeed, one of these accounts was negative in mid-September. DX 6 at 1. Likewise, in mid-November, Mr. Swinford did not have enough funds in either account to pay the fees for the '650 Application. DX 12 at 11; Trial Tr. Day 1 at 68:17-19; DX 8. One of

15

the Swinfords' accounts charged $3,838 in overdraft fees in 2016. DX 12 at 15. Additionally, the Swinfords spent several thousand dollars during this period to renovate a portion of their home to accommodate Mrs. Swinford's mother, who was ill. DX 98 at 20:2-23; Trial Tr. Day 1 at 70:13-71:7.

Mr. Swinford, however, testified that "money wasn't the issue[.]" Trial Tr. Day 1 at 69:16. He testified that he maintained an account with Edward Jones and that he kept about five to ten thousand dollars in cash in a safe in his house. Trial Tr. Day 1 at 69:22-70:7. Although this testimony establishes that he could have paid, it is immaterial whether Mr. Swinford was able to pay because the Court finds that he intentionally failed to pay and ignored all correspondence reminding him of the requirement to pay.

About five years after the '650 Application's abandonment, on July 27, 2022, Mr. Mirabel recommended to Mr. Swinford that they revive the '650 Application, and Mr. Swinford agreed. Trial Tr. Day 1 at 93:25-94:4; 224:1-9, 234:4-235:13, 237:20-23; DX 48; DX 99 at 56:23, 60:4-10, 62:1-22; Dkt. 162 at ¶ 32. The revival of the '650 Application would advantage Mr. Swinford in this litigation, which Mr. Swinford had initiated about seven months prior, because it would allow Mr. Swinford and Mr. Mirabel to obtain new patent claims to supplement the ones they already alleged were infringed. Trial Tr. Day 1 at 237:20-23; Trial Tr. Day 2 at 54:18-25. Mr. Swinford had no other open patent applications that would allow Mr. Swinford to obtain new claims with the same priority as his other patents. Trial Tr. Day 1 at 226:23-227:6.

16

On July 28, 2022, Mr. Mirabel filed a "Petition for Revival of an Application for Patent Abandoned Unintentionally under 37 C.F.R. § 1.137(a)" for the '650 Application, along with a declaration from Mr. Swinford and other related petitions. DX 40; DX 41; DX 42; DX 43; Dkt. 162 at ¶ 34. 152. To revive an abandoned patent, the petitioner must certify that the entire delay in filing the required response or in paying the required fee was unintentional. 37 C.F.R. § 1.137(a). Mr. Mirabel made this certification in the petition. DX 41 at 3. If the petition is filed more than two years after the application became abandoned, as it was in this case, the petitioner must provide additional explanation of the circumstances surrounding the delay. DX 41 at 3. To this end, Mr. Mirabel drafted a declaration on Mr. Swinford's behalf, with some input from him, and submitted this declaration with the petition. Trial Tr. Day 1 at 97:10-12.

In Mr. Swinford's declaration, which Mr. Mirabel drafted, Mr. Swinford explained the delay in responding to the PTO's notice and the later delay in reviving the application resulted from a family crisis he experienced in November 2016. DX 43 at 2. Although Mr. Mirabel had emailed Mr. Swinford about the '650 Application's potential abandonment in 2016, Mr. Swinford's declaration states, "I only realized I had these e-mails after a current review, because I did not devote the needed attention to . . . important matters during the late 2016 through 2017 period." DX 43 at 2. The evidence presented at trial established, however, that Mr. Swinford had deleted all his emails from the relevant period by the time he made this declaration. Trial Tr. Day 1 at 80:9-19, 102:22-103:21, 109:7-13. Mr. Swinford, therefore, did not conduct "a

current review." The declaration Mr. Mirabel drafted for Mr. Swinford also failed to acknowledge that Mr. Swinford read and responded to the emails related to his Canadian patents and from Mr. Corby during the relevant period. DX 43.

On July 31, 2022, Mr. Mirabel filed a substitute declaration from Mr. Swinford. DX 47; Dkt. 162 at ¶ 35. This substitute declaration stated again that Mr. Swinford conducted "a current review," and again omitted any mention of the emails about the Canadian patents or from Mr. Corby. DX 47.

On August 15, 2022, the PTO dismissed the Petition for Revival. DX 50; Dkt. 162 at ¶ 36. That same day, Mr. Mirabel filed a Request for Reconsideration of the dismissal. DX 51; DX 52; DX 53; DX 54; Dkt. 162 at ¶ 37. In support of this request, he filed two declarations from Mr. Swinford and two declarations of his own. DX 51; DX 54; DX 58; DX 61; Dkt. 162 at ¶ 38. Mr. Swinford's declarations stated again that Mr. Swinford conducted "a current review," and omitted any mention of the emails about the Canadian patents and from Mr. Corby. DX 54; DX 61. In sum, every declaration by Mr. Swinford submitted to the PTO falsely conveyed that he never saw any of the emails in his inbox during the relevant period.

In the documents submitted to the PTO on August 15, 2022, Mr. Mirabel disclosed the litigation related to the parent patents. DX 53; 58. He stated, "Recently, the parties have entered litigation on the priority patents (applications) to this application . . . ." DX 53 at 2. "I was reviewing communications with Mr. Swinford in connection with litigation against 360Booth, Inc., where Mr. Swinford is asserting

18

infringement of some of his related patents . . . ." DX 58 at 2. These statements are the only mentions of this litigation to the PTO during the revival process.

The PTO granted revival of the '650 Application on October 3, 2022. DX 62; DX 63; Dkt. 162 at ¶ 39. Shortly thereafter, Mr. Mirabel filed an amendment to the application that added twenty new claims that Mr. Mirabel testified "literally cover 360Booth in many respects, two door and one door both." Trial Tr. Day 2 at 73:11-21; DX 83 at 360BOOTH-PA0002866-68. On November 25, 2022, Mr. Mirabel filed another preliminary amendment adding more new claims. DX83 at 360BOOTH-PA0002859-65.

The '650 Application issued as the '369 Patent on January 3, 2023. DX 97. Armed with the '369 Patent, Mr. Mirabel advised Defendants that he and Mr. Swinford intended to continue to obtain new patents with broader claims to strengthen their claims of infringement. DX 109. Indeed, Mr. Swinford filed a continuation of the '650 Application, which ultimately issued as U.S. Patent 11,778,328 (the "'328 Patent") on October 3, 2023. DX 140; Trial Tr. Day 2 at 76:10-18. Neither the '369 Patent nor the '328 Patent would exist without the revival of the '650 Application. Trial Tr. Day 2 at 76:21-23.

Mr. Mirabel holds a personal stake in this case. By October 2016, Mr. Swinford owed Mr. Mirabel $8,332.64 in outstanding invoices; Mr. Swinford had not paid Mr. Mirabel at all that year. DX 99 at 26:10-27:15. Mr. Mirabel included most of this unpaid balance as part of his contingency fee for this litigation. DX 80 at 1; Trial Tr. Day 1 at 51:8-12; 90:10-91:7. The contingency fee arrangement incentivized Mr.

19

Mirabel to pursue aggressive tactics that would advantage Mr. Swinford in this litigation—namely, revival of the '650 Application to enable the assertion of broader claims against Defendants.

### C.    Facts Relevant to the Prosecution of the '864 Patent.

As stated *supra*, Mr. Swinford filed the Provisional Application on March 10, 2010. PX 1. The Provisional Application describes a revolving outdoor photo studio. PX 1. The Provisional Application states, "This device is built to be used on a trackless basis, but could also be modified to run on a track, or operated by other guidance means." DX 112 at 8. "The unit is intended to function on a flat plane, primarily the ground, but could also be suspended, and used as a ceiling mount unit." Id. The photos included in the Provisional Application depict a frame, which would support a curved wall, resting on chassis with wheels. Id. at 15-16.

On March 9, 2011, Mr. Swinford filed the application that would issue as the '320 Patent. DX 87. The '320 Patent describes an indoor photo studio that enables the photography of a product, such as a vehicle, against a revolving backdrop. DX 87. The '320 Patent never mentions the words "track" or "tracks." DX 87. The '320 Patent describes carriers—the "display carrier" and the "carrier for the imaging device and the lighting"—that are arced and have wheels that are "in fixed position with respect to the vertical axis, so that [the] carriers follow the path their arc's define as they revolve around [a] vehicle on [the] wheels." DX 87 at 360BOOTH-PA0000011-12. The drawings and figures contained in the '320 Patent depict curved walls resting on chassis with wheels. DX 87 at 360BOOTH-PA0000005.

20

Also on March 9, 2011, Plaintiffs filed the application that would issue as the '321 Patent. DX 107. Like the '320 Patent, the '321 Patent describes a photo booth with a revolving curved wall. DX 107. The drawings and figures contained in the '321 Patent are identical to those contained in the '320 Patent. DX 107; DX 87. However, the '321 Patent claims an invention "including tracks which the define the arc of revolution" of the curved wall and the imaging device. DX107 at 360BOOTH-PA0000182.

The Outdoor Studio consists of a curved wall resting on a set of wheels running on a single track. PX 15. In Defendants' Answer and Affirmative Defenses, Defendants describe the Outdoor Studio as "at least a half-circle curved wall as a background, and the curved wall was mounted on a single line of wheels that rode on a circular metal track . . . ." (Dkt. 138 at 31) A photograph of the Outdoor Studio submitted by Plaintiff depicts the "deep U-shaped wheel that . . . allows [the wall] to spin without coming off the track under wind loads." PX 4; Trial Tr. Day 2 at 171. To describe the Indoor Studio, Mr. Smithweck testified that the Studio's "wall had structure built into it with a staggered frame install, . . . wheels . . . mounted on a track that's laser leveled, and . . . a 20-foot opening with lights mounted in it, and a car can simply enter and leave." Trial Tr. Day 2 at 181. The record contains no evidence that the Outdoor or Indoor Studios feature an imaging device attached to the Studios themselves.

On May 25, 2012, Mr. Swinford contacted Mr. Smithweck to inquire about Mr. Smithweck's Outdoor Studio. PX 15. Two days later, Mr. Smithweck emailed Mr.

Swinford photos of the Outdoor Studio. PX 15. Mr. Smithweck's email to Mr. Swinford stated, "Current dealer using [the Outdoor Studio] shooting new and used. They have a 35% increase of views on both Autotrader and Cars.com in just 2 months of using it." PX 15. Mr. Smithweck included the link the to the dealer's website, wesleychapelhonda.com. PX 15.

In April 2013, Mr. Smithweck installed an Indoor Studio at Boardwalk Ferrari in Plano, Texas. Trial Tr. Day 2 at 179. Mr. Mirabel and Mr. Swinford testified that they had seen photos of Mr. Smithweck's Indoor Studio online by early 2014. Trial Tr. Day 1 at 130; Trial Tr. Day 2 at 78-79.

On August 12, 2014, Mr. Smithweck filed the '496 Application. Dkt. 170-32. He also filed a non-publication request as to the '496 Application. DX 92 at 360BOOTHPA0003078. The contents of the '496 Application were not published until the '740 Patent issued from it on June 2, 2015. Dkt. 170-35. In Claim 1, the '740 Patent claims

> A photography studio comprising:
>
> a stationary circular track surrounding a product setup location;
>
> an upright wall defining a studio backdrop, being of a curved configuration, at least partially surrounding the product setup location, and being mounted at a lower end portion of said wall by said track for undergoing revolvable movement along said track and about the product setup location, said wall having a pair of upright edge portions being spaced apart so as to define a side opening in said wall providing an entrance to the product setup location; and

22

a front overhead member, being of a curved configuration similar to that of said wall and extending between and mounted on said spaced apart upright edge portions of said wall at an upper end portion of said wall, for undergoing the revolvable movement with said wall.

DX 95 at Claim 1.

On September 5, 2014, Mr. Mirabel filed the '681 Application as a CIP to the '320 Patent. Dkt. 170-34, 170-36. During the prosecution of the '681 Application, Mr. Swinford and Mr. Mirabel did not disclose or reference Mr. Smithweck's Outdoor or Indoor Studios or the '496 Application (which had not yet been published pursuant to the non-publication request). DX 94. When the '740 Patent issued and was published, Plaintiff did not revise its disclosures to disclose the '740 Patent to the PTO.

On September 6, 2016, the '864 Patent issued from the '681 Application. DX 96. The '864 Patent claims

> An apparatus for producing images of the commonly viewed exterior surfaces of a vehicle, while maintaining the same background view for multiple images of the vehicle, comprising:
>
> an imaging device mounted on a first support having wheels, and a display on one surface of a second support having wheels, where the first and second supports are opposed and physically linked by arms which run between and join the first and second supports together such that the first support and second support can revolve around the vehicle which is positioned between them, while maintaining their positions relative to each other and to the vehicle;
>
> the wheels of the first and second supports and the wheels of the vehicle all reside in a supporting place;

23

the arms are either positioned high enough relative to the supporting plane such that the vehicle can pass freely underneath the arms or, the arms can be moved out of the way of removed to allow the vehicle to be positioned; and

the imaging device captures multiple images of the vehicle during each revolution, and the display is captured in each of said images, and wherein the images are sufficiently pixelated such that damage to the vehicle exterior surface can be viewed when the images are displayed.

DX 96 at Claim 1. Claim 16 of the '864 Patent claims the "apparatus of claim 14 wherein the row of wheels reside on a single track, which is arced."[7] DX 96 at Claim 16.

On January 31, 2023, the '369 Patent issued from the '650 Application. DX 97. Mr. Mirabel and Mr. Swinford disclosed Mr. Smithweck's '740 Patent during the prosecution of the '369 Patent. The '369 Patent claims an apparatus comprising

---

[7] Claim 14 of the '864 Patent states:

> An apparatus for producing images of the commonly viewed exterior surfaces of a vehicle, while maintaining the same background view for multiple images of the vehicle, **comprising:**
>
> **an imaging device** mounted on a first support having wheels, and a display on one surface of a second support having wheels, where the first and second supports are opposed and physically linked by arms which run between and join the first and second supports together such that the first support and the second support can revolve around the vehicle which is positioned between them, while maintaining their positions relative lo each other and to the vehicle;
>
> the wheels of the first and second supports roll on a track resting on a supporting plane and the wheels of the vehicle also rest on the supporting plane . . . .

DX 96 at Claim 14 (emphasis added).

24

at least one curved upright display having a curved upper edge, a curved lower edge and a display surface on its inner concave surface;

said curved upright display having wheels at its base below the curved lower edge, said wheels resting on a looped track having its track loop sized such that the curve of the looped track matches the curve of the lower edge;

said curved upright display having at least one open section large enough for the vehicle to pass through and having an arm at the top of the open section positioned high enough for the vehicle to pass under;

an imaging device mounted opposite the display surface and fixed relative to said curved upright display such that the imaging device and said curved upright display maintain their relative positions with respect to each other when said curved upright display rolls on the looped track;

the track loop is further sized such that the vehicle can be positioned inside the track loop whereby the imaging device and said curved upright display revolve around the vehicle when said curved upright display rolls on the looped track, and wherein the wheels of said curved upright display and the wheels of the vehicle all reside in the same plane; and

wherein the imaging device captures multiple images of the vehicle during a revolution, and the display surface is also captured in said images, and wherein the images are sufficiently pixilated such that damage to the vehicle exterior surface can be viewed when the images are displayed.

DX 97 at Claim 1. The '369 Patent also claims the same apparatus "wherein the row of wheels reside on a single looped track." DX 97 at Claim 10.

The '369 Patent's application was a continuation-in-part application to the '320 Patent and the Provisional Application. DX 97. Any claims contained in the '369 Patent that were previously disclosed in either the '320 Patent or the Provisional

25

Application would have a priority date of at least March 9, 2011. Id. The '369 Patent's claim of a curved display was previously disclosed in the '320 Patent. DX 87 at Claim 11. The '369 Patent's claim of the fixed positioning of the imaging device and the display such that they maintain their relative positions with respect to each other was also disclosed in the '320 Patent. DX 87 at Claim 1. The '369 Patent's claims of a looped track were arguably disclosed in the Provisional Application, which stated its design "is built to be used on a tackles basis, but could also be modified to run on a track, and or operated by other guidance means." DX 112 at 7. The parties do not dispute that "tackles" is a typo, and was intended to be "trackless."

For clarity, the dates of relevant events are listed in the following table.

| | |
|---|---|
| March 10, 2010 | Mr. Swinford files the Provisional Application on March 10, 2010. PX 1. |
| March 9, 2011 | Mr. Swinford files the '215 Application, which later issues as the '320 Patent, and the '254 Application, which later issues as the '321 Patent. DX 87; DX 107. |
| May 25, 2012 | Plaintiff contacts Mr. Smithweck about the Outdoor Studio. (Dkt. 170-28) |
| May 27, 2012 | Mr. Smithweck responds to Plaintiff regarding the Outdoor Studio and shares photos of it. (Dkt. 170-29) |
| September 19, 2012 | Mr. Mirabel contacts Mr. Smithweck about the Outdoor Studio and asks if Mr. Smithweck has any patents. (Dkt. 170-31) |
| April 2013 | Mr. Smithweck's Indoor Studio is installed at Boardwalk Ferrari. Trial Tr. Day 2 at 179. |

| Early 2014 | Mr. Swinford and Mr. Mirabel see photos of Mr. Smithweck's Indoor Studio online. Trial Tr. Day 1 at 130; Trial Tr. Day 2 at 78-79. |
|---|---|
| August 12, 2014 | Mr. Smithweck files the '496 Application. (Dkt. 170-32) Mr. Smithweck also files a non-publication request as to the '496 Application. DX 92 at 360BOOTHPA0003078. |
| September 5, 2014 | Mr. Mirabel files the '681 Application, which later issues as the '864 Patent, as a CIP to the '320 Patent. (Dkt. 170-34, 170-36) |
| September 9, 2014 | Mr. Swinford's '320 Patent issues from the '215 Application. DX 87. Mr. Swinford's '321 Patent issues from the '254 Application. DX 107. |
| June 2, 2015 | Mr. Smithweck's '740 Patent issues from the '496 application. (Dkt. 170-35) |
| September 6, 2016 | Mr. Swinford's '681 CIP Application issues at the '864 Patent with no disclosure of the Outdoor Studio, Indoor Studio, or the '740 Patent. DX 96.<br><br>Mr. Mirabel files the '650 Application, which later issues as the '369 Patent. DX 97. |
| January 31, 2023 | Mr. Swinford's '369 Patent issues from the '650 Application. DX 97. The '740 Patent is disclosed during the '369 Patent's prosecution. DX 83. |

## III.    CONCLUSIONS OF LAW

To establish unenforceability based on inequitable conduct in the PTO, "the

accused infringer must prove that the patentee acted with the specific intent to deceive

the PTO." Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1290 (Fed.

Cir. 2011) (*en banc*). "[I]t must be shown that information material to patentability was

withheld from the PTO, or material misinformation was provided to the PTO, with

the intent to deceive or mislead the patent examiner into granting the patent." Outside the Box Innovations, LLC v. Travel Caddy, Inc., 695 F.3d 1285, 1290 (Fed. Cir. 2012) (citing Therasense, 649 F.3d at 1290–92). "[T]he accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." Therasense, 649 F.3d at 1290. When multiple reasonable inferences may be drawn, intent to deceive cannot be found. Id. at 1290–91. As for the materiality requirement, "the materiality required to establish inequitable conduct is but-for materiality." Id. at 1291.

A patent inventor and any attorney who prepares or prosecutes a patent application owes a duty to disclose information material to patentability to the PTO. 37 C.F.R. § 1.56 et seq.; MPEP § 2001 et seq. (discussing "Duty of Disclosure, Candor, and Good Faith"); see also Correct Craft IP Holdings, LLC v. Malibu Boats, LLC, No. 09-cv-813, 2010 WL 598693, at *3 (M.D. Fla. Feb. 17, 2010) ("[T]hose individuals associated with the filing and prosecution of a patent application have a duty to disclose information to the PTO that is material to the patentability of their claims."). When it comes to petitions for revival or reinstatement of patent applications, the PTO "relies on the applicant's duty of candor and good faith and accepts statements that 'the entire delay . . . was unintentional.'" MPEP § 711.03(c). "This is because the applicant is obligated . . . to inquire into the underlying facts and circumstances when a practitioner provides [the] statement to the [PTO]." Id. "Given the *ex parte* nature of proceedings before the [PTO], it is especially important that the examiner has all the information needed to determine whether and to what extent [the

28

examiner] should rely on declarations presented by the applicant." Ferring B.V. v. Barr

Labs., Inc., 437 F.3d 1181, 1187 (Fed. Cir. 2006).

The signatory on any paper presented to the PTO has the following obligations:

> (b) By presenting to the [PTO] . . . (whether by signing, filing, [or] submitting . . . ) any paper, the party presenting such paper, whether a practitioner or non-practitioner, is certifying that—
>> (1) All statements made therein of the party's own knowledge are true, all statements made therein on information and belief are believed to be true, and all statements made therein are made with the knowledge that whoever, in any matter within the jurisdiction of the [PTO], knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact, or knowingly and willfully makes any false, fictitious, or fraudulent statements or representations, or knowingly and willfully makes or uses any . . . document knowing the same to contain any false, fictitious, or fraudulent statement or entry, shall be subject to [criminal] penalties . . . , and violations of the provisions of this section may jeopardize the probative value of the paper; and
>> (2) To the best of the party's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, . . . .
>>> (iii) The . . . factual contentions have evidentiary support . . . ; and
>>> (iv) The denials of factual contentions are warranted on the evidence . . . .

37 C.F.R. § 11.18.

### A.    Misrepresentations as to the Unintentionality of the Delayed Payment of Maintenance and Revival Fees for the '320 and '321 Patents.

At trial, Defendants established by clear and convincing evidence that Mr. Mirabel falsely certified, with the specific intent to deceive the PTO, that the delay in payment of the maintenance fees for the '320 and '321 Patents was unintentional.

### 1.    Misrepresentation as to Unintentional Delay

Patent maintenance fees are due 3.5 years after a patent is granted. 37 C.F.R. § 1.20(e). The PTO accepts late payments of maintenance fees if made before the fourth anniversary of the grant of the relevant patent but imposes a surcharge on these late payments. Id. at § 1.362(e). If the maintenance fees and any applicable surcharge are not paid by the fourth anniversary of the grant, the patent expires. Id. at § 1.362(g). However, the PTO "may accept the payment of any maintenance fee due on a patent after expiration of the patent if, upon petition, the delay in payment of the maintenance fee is shown to the satisfaction of the Director to have been unintentional." Id. at § 1.378(a). "If the Director accepts payment of the maintenance fee upon petition, the patent shall be considered as not having expired[.]" Id.

The entire delay must be unintentional for a patentholder to truthfully certify that the late payment of maintenance fees was unintentional under § 1.378(b). The PTO has clarified that the "unintentional delay" standard for petitions filed under § 1.137, which requires a statement certifying that the **entire delay** was unintentional, also applies to petitions filed under § 1.378. See Clarification of the Practice for Requiring Additional Information in Petitions Filed in Patent Applications and

Patents Based on Unintentional Delay, 85 Fed. Reg. 12222, 12223 (Mar. 2, 2020) ("An applicant or patentee cannot meet the 'unintentional delay' standard in 37 CFR 1.55(e), 1.78(c) and (e), **1.137(a)**, or **1.378(b)** if the **entire** delay is not unintentional."). Likewise, the Federal Circuit held that the definition of "unintentional" in relation to abandoned applications applies "with equal force" to patents expired due to the failure to pay maintenance fees. In re Rembrandt Techs. LP Pat. Litig., 899 F.3d 1254, 1273 (Fed. Cir. 2018).

Based on the evidence presented at trial, the Court finds that Defendants have proven by clear and convincing evidence that Mr. Mirabel made material misrepresentations in the petitions to reinstate the '320 and '321 Patents that were filed on June 3, 2020. In each petition to reinstate, Mr. Mirabel knowingly misrepresented that the entire period of delay in the payment of the maintenance fee was unintentional. Mr. Mirabel knew that his certification was untrue because he knew that Mr. Swinford intentionally chose to wait to pay the maintenance fees until June 3, 2020 based on Mr. Mirabel's advice that he could wait two years to pay.

Significantly, even if Mr. Mirabel made a genuine mistake of law, Mr. Swinford nonetheless intentionally delayed payment. A decision not to pay maintenance fees that is based on a genuine but mistaken belief that a patent can be revived after the deadline for payment is an intentional decision. Rembrandt, 899 F.3d at 127 ("It may be true that Paradyne's employees genuinely believed that a patent could be revived for years even after the six-month grace period for payment. But their decision not to make the payment still was intentional."). Mr. Swinford's decision not to pay the fees

31

on time was intentional even if he made the decision in reliance on Mr. Mirabel's mistaken understanding of the law. Such an intentional decision precludes reinstatement under § 1.378(a).

Alternatively, even if Mr. Mirabel had no knowledge about Mr. Swinford's decision to delay the payment, Mr. Mirabel's certifications constituted misrepresentations for that very reason. Mr. Mirabel testified that he never asked Mr. Swinford whether his delay was intentional or unintentional, or why he chose to delay, before making the certifications. In 3D Medical Imaging Systems, LLC v. Visage Imaging, Inc., 228 F. Supp. 3d 1331, 1334–35 (N.D. Ga. 2017), Mr. Bailey's company, MedFlex, acquired an expired patent from a company called IMS. At the time, Mr. Bailey knew the patent had expired because IMS failed to pay the maintenance fee. Id. Nonetheless, Mr. Bailey submitted a petition to reinstate the patent and certified that the delay in payment was unintentional without investigating whether his certification was true. Id. at 1335. The court found that Mr. Bailey's certification was a misrepresentation. Id. at 1338. "In certifying that IMS's non-payment was 'unintentional,' Mr. Bailey represented to the PTO that he knew that to be true. In reality, however, Mr. Bailey lacked any knowledge of why IMS did not pay the maintenance fee." Id. Here, if Mr. Mirabel certified that Mr. Swinford's delay in payment of the maintenance fees was unintentional without learning why Mr. Swinford delayed the payment, Mr. Mirabel could not truthfully certify that the delay in payment of the maintenance fees for the '320 and '321 Patents was unintentional. The certifications, therefore, were misrepresentations to the PTO.

### 2.    Inequitable Conduct

Mr. Mirabel's false certifications constituted inequitable conduct. First, the materiality of the false certifications satisfies the but-for materiality requirement. Therasense, 649 F.3d at 1291 ("[T]he materiality required to establish inequitable conduct is but-for materiality."); see In re Rembrandt, 899 F.3d at 1273 (finding that a false certification that a delay in payment was unintentional is material to the continued enforceability of the underlying patent because the PTO would not revive the patent if it knew that a party consciously allowed it to expire). Here, if Mr. Mirabel had not certified that the delay in payment of the maintenance fees for the '320 and '321 Patents was unintentional, the PTO would not have reinstated them. The but-for materiality of the certifications is established.

Second, Mr. Mirabel falsely certified that the delay was unintentional with the specific intent to deceive the PTO. "Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence." Therasense, 649 F.3d at 1290. Still, the inference of deceptive intent "must . . . be the single most reasonable inference able to be drawn from the evidence . . . ." Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1366 (Fed. Cir. 2008). Mr. Mirabel and Mr. Swinford testified they did not intend to deceive the PTO because they believed Mr. Swinford was entitled to reinstate the patents based on their understanding of the law at the time. In 3D Medical Imaging, Mr. Bailey made a similar argument. 228 F. Supp. 3d at 1339 ("Mr. Bailey argues that he did not intend to deceive because he 'believed that he was allowed to reinstate the patent . . . based

33

on the facts as he understood them at the time, and that no further investigation was required.'"). The 3D Medical court noted, however, "The Petition contains an express certification 'that the delay in payment of the maintenance fee to this patent was unintentional.'" Id. The court reasoned,

> Even if, before filling out the Petition, Mr. Bailey believed that he could reinstate the patent based only on the facts as he then understood them, that language should have given him pause. But it did not, and he proceeded with making a representation of which he admits he had no knowledge. The single most reasonable inference to be drawn from that evidence is that Mr. Bailey made the misrepresentation with the specific intent to deceive the PTO.

Id. The Court finds no material distinction between the facts of this case and the facts of 3D Medical Imaging, as relevant to the specific intent inquiry. Mr. Mirabel testified he did not investigate or research whether it was permissible to intentionally delay the fee payment. In advising Mr. Swinford, he relied on his mistaken understanding that the certification did not require the entire period of delay be unintentional. Then, nearly two years after the patents expired, Mr. Mirabel certified, without any investigation, that Mr. Swinford's delay was unintentional. The certification language in the petition apparently did not give him pause. The single most reasonable inference to be drawn from the evidence is that Mr. Mirabel made the misrepresentation with the specific intent to deceive the PTO.

Defendants proved by clear and convincing evidence that Mr. Mirabel made material misrepresentations in the petitions to reinstate the '320 and '321 Patents with the specific intent to deceive the PTO. The Court finds, therefore, that Mr. Mirabel

34

and Mr. Swinford committed inequitable conduct to achieve reinstatement of the '320 and '321 Patents. As a result, these patents are unenforceable.

## B.    Misrepresentation and Omission of Material Information During Revival of the '650 Application.

At trial, Defendants established by clear and convincing evidence that Mr. Mirabel falsely certified that the delay in reviving the '650 Application was unintentional. Clear and convincing evidence established that Mr. Mirabel and Mr. Swinford misrepresented that Mr. Swinford conducted "a current review" of his emails during late 2016 and early 2017 in the declarations submitted to the PTO regarding the delay of the revival. The declarations also omitted material information regarding Mr. Swinford's ability to attend to emails about the Canadian patents and Mr. Corby's emails. Defendants established these misrepresentations and omissions were material to the revival of the '650 Application and were made with the specific intent to deceive the PTO. Even if there was no duty to inform the PTO as to Mr. Swinford's attentiveness to the Canadian patents, the facts surrounding his conduct with respect to those patents undermines the credibility of his explanation for his failure to respond to emails concerning the '650 Application.

### 1.    Misrepresentation Regarding Unintentional Delay

A petition to revive an abandoned application must be accompanied by a "statement that the entire delay in filing the required reply from the due date for the reply until the filing of a grantable petition pursuant to this section was unintentional." 37 C.F.R. § 1.137(b)(4). An "applicant or patentee cannot meet the 'unintentional

35

delay' standard in [§ 1.137(a)] if the entire delay is not unintentional." 85 Fed. Reg. at
12223.

### a)      Intentional Abandonment of the '650 Application

When Mr. Mirabel filed the petition to revive the '650 Application, he certified
that the entire delay in submitting the required response and fee was unintentional.
DX 41 at 3. This certification was materially false. The following evidence established
that Mr. Swinford and Mr. Mirabel intentionally allowed the '650 Application to go
abandoned.

In September 2016, when Mr. Mirabel first received the PTO's notice that parts
of the '650 Application were missing and that an $840 filing fee was due, he informed
Mr. Swinford. Mr. Swinford later certified to the PTO that, at the time, he "did not
give [Mr. Mirabel] any instructions to proceed as [Mr. Swinford] wished to delay
payment of fees and related expenses until closer to mid-November 2016 deadline."
DX 61 at 1. On four more occasions, Mr. Mirabel reminded Mr. Swinford that fees
were due for the '650 Application and that it would go abandoned if they were not
paid.  Mr. Swinford did not respond or take other action in response to these reminders
from Mr. Mirabel.

Mr. Swinford's testimony that he did not read the emails from Mr. Mirabel
about the '650 Application was refuted at trial. Trial Tr. Day 1 at 59:13-60:1, 64:5-16.
On November 15 and 22, 2016, Mr. Swinford received and responded to emails from
Mr. Corby inquiring about Mr. Swinford's photo booths. Trial Tr. Day 1 at 67:5-19;

36

DX 160 at SwinfordFirst000371. Mr. Swinford also admitted that he likely saw the subject line of Mr. Mirabel's November 14, 2016 email—"RE: new filings, Serial Nos. 15/256,650[.]" Trial Tr. Day 1 at 74:12-19; DX 48 at 2. This evidence is sufficient to establish that Mr. Swinford read his emails during this period. Thus, Mr. Swinford's failure to respond to Mr. Mirabel's emails about the '650 Application's potential abandonment shows his abandonment was intentional.

Moreover, even if Mr. Swinford did not open or read any of Mr. Mirabel's emails about the '650 Application, he intentionally disregarded them. The lack of record evidence that he responded to the emails does not establish that he unintentionally abandoned the '650 Application and then unintentionally delayed its revival. Instead, the evidence presented at trial evinces an intentional prioritization of some patent obligations, such as those related to the Canadian patents, over others, including the '650 Application. The Court acknowledges that Mr. Swinford had good reason to examine and redefine his priorities during this period given his mother-in-law's poor health. But the Court is not asked to consider whether Mr. Swinford's had good reason for ignoring his obligations to maintain the '650 Application. The Court must decide whether Mr. Swinford's delay in fulfilling those obligations was unintentional. The Court finds it was not.

When Mr. Mirabel received notice that the '650 Application was abandoned, he did not contact Mr. Swinford about attempting to revive the '650 Application because, he testified, "At that point, [Mr. Swinford] wasn't responding, I assumed he

37

didn't want it[.]" Trial Tr. Day 2 at 212:1-12. This testimony established Mr. Mirabel also intentionally abandoned the '650 Application.

Based on the foregoing, the Court concludes Mr. Swinford's and Mr. Mirabel's abandonment of the '650 Application was intentional.

**b)**    **Misrepresentations Regarding the Intentionality of the '650 Application's Abandonment**

Each declaration Mr. Mirabel submitted to the PTO on Mr. Swinford's behalf contained two misrepresentations about the circumstances of the delay in reviving the '650 Application as well as whether the delay was unintentional. First, Mr. Swinford's declarations state, "I only realized I had [Mr. Mirabel's] e-mails after a current review, because I did not devote the needed attention to . . . matters during the late 2016 through 2017 period." DX 43; DX 47; DX 54; DX 61. The evidence presented at trial established, however, that Mr. Swinford did not conduct a current review. See Trial Tr. Day 1 at 102-03.[8] This statement was a misrepresentation to the PTO. Second, the

---

[8] THE COURT: But did you go do the review?
THE WITNESS: I think it was more of a verbalized situation. He may -- I'm -- I don't recall that he did or didn't show me an e-mail, but I think it was more of just a conversation along the topic line.
THE COURT: So as you sit here today, you didn't actually do a review of the e-mails, he told you that there were e-mails?
THE WITNESS: Well, he told me there were emails, and he said, you know, we were -- yeah, he told me, I sent you several about this, that and the other, and that's – that's what I recall.
. . . .
THE COURT: Yes or no, did you open your e-mail, look at them and then execute this affidavit?
THE WITNESS: I don't think I could have looked at them, ma'am. I think if they were sent to me from him, that would have been something different. My e-mail was gone. I --
THE COURT: So you didn't do any current review.
THE WITNESS: We talked about all the -- the patents that were out there, as I recall, we talked about it.
THE COURT: So Mr. Mirabel did a review and told you about them, and then you executed this affidavit on the basis of that conversation with your lawyer?

38

declarations Mr. Mirabel drafted for Mr. Swinford failed to acknowledge that Mr. Swinford read and responded to the emails related to his Canadian patents and that Mr. Swinford exchanged emails with JR Corby. DX 43; DX 160 at SwinfordFirst000371. These material omissions amount to misrepresentation because they falsely convey that Mr. Swinford never saw any of the emails in his inbox during the relevant period.

Mr. Mirabel filed a total of four declarations with the PTO on behalf of Mr. Swinford. Every declaration falsely conveyed that Mr. Swinford never saw any of the emails in his inbox during the relevant period. The evidence, therefore, establishes Mr. Swinford and Mr. Mirabel made misrepresentations to the PTO during the revival process for the '650 Application.

### 2.    Inequitable Conduct

These misrepresentations constituted inequitable conduct. First, the false statements satisfy the but-for materiality requirement. An abandoned application may only be revived if the delay in reply by the applicant was unintentional. 37 C.F.R. § 1.137(a). Thus, if Mr. Mirabel and Mr. Swinford had not certified and explained that the delay in responding to the PTO's notice and the subsequent delay in filing the petition to revive the application were unintentional, the PTO would not have revived the '650 Application. The but-for materiality of the certification is established.

---

THE WITNESS: That could have been the case, and, you know, that's -- yeah, that could have been the case.
THE COURT: And you couldn't have reviewed your e-mails, you said, because they were deleted?
THE WITNESS: Yeah.

Second, Mr. Mirabel and Mr. Swinford made the false statements with the specific intent to deceive the PTO. Mr. Mirabel and Mr. Swinford knew the PTO would not grant the petition to revive the application if it appeared that the more than five-year delay in responding to the PTO's notice was intentional. Indeed, the PTO dismissed the first petition because Mr. Swinford's explanation for the delay was insufficient to establish that the delay was unintentional. DX 50. Following this dismissal, Mr. Mirabel filed a request for reconsideration and the supplemental declarations in support of the petition to revive. Dkt. 60; DX 51; DX 54; DX 58; DX 61; Dkt. 162 at ¶ 38. Ultimately, the PTO granted revival of the '650 Application. DX 62; DX 63; Dkt. 162 at ¶¶ 37, 39. Nowhere in the four declarations by Mr. Swinford does he admit to the PTO that he read and responded to several emails during the relevant period. The single most reasonable inference to be drawn from the evidence is that Mr. Mirabel and Mr. Swinford made the misrepresentations with the specific intent to deceive the PTO.

The Court finds Defendants established, by clear and convincing evidence, that the PTO granted the petition to revive the '650 Application because of inequitable conduct by Mr. Swinford and Mr. Mirabel. Consequently, the resulting '369 Patent is unenforceable.

### 3.    Infectious Unenforceability

Defendants argue the '328 Patent, a CIP to the '650 Application and the resulting '369 Patent, is unenforceable as a result of the inequitable conduct committed during the prosecution of the '369 Patent. Under the so-called doctrine of infectious

40

unenforceability, "the taint of a finding of inequitable conduct can spread from a single patent to render unenforceable other related patents and applications in the same technology family." Therasense, 649 F.3d at 1288; see Baxter Int'l, Inc. v. McGaw, Inc., 149 F.3d 1321, 1331 (Fed. Cir. 1998) (emphasis in original) (quoting Fox Indus., Inc. v. Structural Preservation Sys., Inc., 922 F.2d 801, 803 (Fed. Cir. 1990)) ("'[A] breach of the duty of candor early in the prosecution *may* render unenforceable all claims which eventually issue from the same or a related application.'"); see also Agfa Corp. v. Creo Prods. Inc., 451 F.3d 1366, 1379 (Fed. Cir. 2006) (affirming the district court's conclusion that a continuation patent was unenforceable due to the failure to disclose a material reference during the prosecution of the parent patent because the continuation patent did not "claim[] subject matter sufficiently distinct from its parent to preclude the trial court's inequitable conduct determination"). "However, inequitable conduct in a patent application does not automatically render unenforceable all of the claims of all later issued patents in the same chain." eSpeed, Inc. v. Brokertec USA, LLC, 417 F. Supp. 2d 580, 595 (D. Del. 2006).

> [T]he mere occurrence of inequitable conduct in connection with an application within a chain of applications is not enough to invalidate a patent issued as a result of a later application in the chain; instead, the earlier inequitable conduct in the chain must be related to the targeted claims of the ultimately-issued patent or patents sought to be enforced.

Semiconductor Energy Lab'y, Co., Ltd. v. Samsung Elecs. Co., Ltd., 24 F. Supp. 2d 537, 543–44 (E.D. Va. 1998) (emphasis added) (collecting cases) ("Thus, a patent that issues from a . . . continuation application may be held unenforceable where (i) there

41

is inequitable conduct with respect to the prosecution of an earlier related application in the chain leading to **the challenged patent** and (ii) the inequitable conduct relates to the asserted claims of that patent."). The Court is aware of no case in which a court has held a patent unenforceable due to infectious unenforceability when that patent was not itself a patent-in-suit or otherwise challenged in the litigation.

The '328 Patent issued from a continuation application of the '650 Application and '369 Patent. However, the '328 Patent is not a patent-in-suit. Plaintiff does not sue Defendants for infringement of the '328 Patent in the Fifth Amended Complaint. Dkt. 134. Defendants do not seek a declaratory judgment of non-infringement as to the '328 Patent in their counterclaims. Dkt. 138. The Court is not asked to enforce the '328 Patent in this action. For this reason, the Court declines to invalidate the '328 Patent for the inequitable conduct that renders its parent, the '369 Patent, unenforceable.

## C.    Failure to Disclose Mr. Smithweck's Prior Art During the '864 Patent's Prosecution.

At trial, Defendants failed to establish by clear and convincing evidence that Mr. Swinford or Mr. Mirabel committed inequitable conduct during the prosecution of the '864 Patent. Specifically, Defendants failed to establish that Defendants' Outdoor and Indoor Studios were but-for material to the '864 Patent's prosecution.

Mr. Swinford and Mr. Mirabel failed to disclose Defendants' Outdoor and Indoor Studios during the prosecution of Mr. Swinford's '864 Patent. Defendants argued this failure constituted inequitable conduct because Defendants' inventions were material prior art to the '864 Patent. Mr. Swinford and Mr. Mirabel responded

42

with testimony to dispute that Defendants' inventions were prior art to the '864 Patent.

Mr. Swinford and Mr. Mirabel denied that the '864 Patent adopted elements of

Defendants' inventions. Instead, Mr. Swinford and Mr. Mirabel testified that the '864

Patent's claims were disclosed in Mr. Swinford's earlier publications, including the

2010 Provisional Application and the '321 Patent.

For purposes of this analysis, the Court assumes without deciding that the '864

Patent claims priority only to its own filing date, September 5, 2014, in spite of its

status as a continuation-in-part application to the '320 Patent.[9] Even assuming the '864

Patent cannot claim priority to the filing dates of the Provisional Application or the

'320 Patent, Defendants nonetheless failed to establish inequitable conduct.

### 1. Defendants' Outdoor and Indoor Studios Were "Prior" to the '864 Patent Under 35 U.S.C. § 102(a)(1).

As prior art is defined in 35 U.S.C. § 102(a)(1), Defendants' Outdoor and Indoor

Studios were prior to the '864 Patent. Prior art is "[k]nowledge that is publicly known,

used by others, or available on the date of invention to a person of ordinary skill in an

art, including what would be obvious from that knowledge." Art – Prior Art, Black's

---

[9] "A continuation-in-part application is a continuation application that partly discloses new matter and partly discloses matter from a previous application. The new matter takes the filing date of the continuation-in-part application and the previously disclosed matter takes the filing date of the previously filed application." Univ. of W. Va. Bd. of Trustees v. VanVoorhies, 278 F.3d 1288, 1297 (Fed. Cir. 2002). Neither party here identified which claims of the '864 Patent were previously disclosed and thus entitled to an earlier priority date, and which claims were new as of the '864 Patent's filing date. Additionally, Defendants did not identify the specific claims of the '864 Patent to which they believe the Studios were material. For these reasons, the applicable priority date for purposes of this inequitable conduct analysis is elusive. However, the Court may assume, *arguendo*, that the '864 Patent claims priority only to its own filing date because Defendants fail to establish inequitable conduct in any event.

43

Law Dictionary (12th ed. 2024). Prior art consists of patents or printed publications published before a claimed invention's filing date. 35 U.S.C. § 102(a)(1). Inventions in public use, offered for sale, or "otherwise available to the public" before a claimed invention's filing date also constitute prior art vis-à-vis the claimed invention. Id.

Defendants established that the Outdoor Studio and Indoor Studio were in public use, offered for sale, or otherwise available to the public prior to the '864 Patent's filing date, September 5, 2014. Defendants presented evidence that the Outdoor Studio was in public use as of May 25, 2012 because Mr. Smithweck stated in an email to Mr. Swinford, who had presented himself as a potential consumer of the Outdoor Studio, "Current dealer using our photo booth shooting new and used. They have a 35% increase of views on both Autotrader and Cars.com in just 2 months of using it." DX 89. Mr. Mirabel and Mr. Swinford testified that they had seen photos of Mr. Smithweck's Indoor Studio online by early 2014. Trial Tr. Day 1 at 130; Trial Tr. Day 2 at 78-79. Defendants presented testimony that the Indoor Studio had been in public use since April 2013, having been installed at Boardwalk Ferrari in Plano, Texas. Trial Tr. Day 2 at 179. Thus, the Outdoor and Indoor Studios were "prior" to the '864 Patent.

### 2. Defendants' Outdoor and Indoor Studios Were Relevant Prior Art to the '864 Patent.

Defendants' Outdoor and Indoor Studios constitute relevant prior art to the '864 Patent because they are reasonably pertinent to the problem the '864 Patent attempts to solve. "To determine the relevancy of a prior art, the court must first determine if

44

the prior art reference is within the scope of the inventor's endeavor." Stamps.com, Inc. v. Endicia, Inc., No. CV 06–7499, 2009 WL 8690120, at *7 (C.D. Cal. Nov. 9, 2009). "A prior art reference is analogous if it is from the same 'field of endeavor,' even if it addresses a different problem, or, if not within the same field, if the reference is 'reasonably pertinent to the particular problem with which the inventor is involved.'" In re Conte, 36 F. App'x 446, 450 (Fed. Cir. 2002) (quoting In re Clay, 966 F.2d 656, 659 (Fed. Cir. 1992)).[10] "If a reference disclosure has the same purpose as the claimed invention, the reference relates to the same problem, and that fact supports use of that reference in an obviousness rejection." In re Clay, 966 F.2d at 659.

Here, Defendants' Outdoor and Indoor Studios are intended to be used for the same purpose and to solve the same problem as the claimed invention of the '864 Patent—to facilitate the photography of a vehicle from all angles such that each photo has a consistent backdrop without having to move the vehicle itself. For this reason, the Indoor and Outdoor Studios were relevant prior art to the '864 Patent's claimed invention.

### 3. Inequitable Conduct.

Although Defendants established that Mr. Swinford and Mr. Mirabel knew of the Outdoor and Indoor Studios and nonetheless failed to disclose them as prior art during the '864 Patents prosecution, Defendants fail to show this failure constituted

---

[10] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

45

inequitable conduct because the failure was not but-for material. Defendants failed to establish at trial that if the Studios had been disclosed, the PTO would not have allowed the '864 Patent.

In Therasense, the Federal Circuit explained:

> When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art. Hence, in assessing the materiality of a withheld reference, the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference. In making this patentability determination, the court should apply the preponderance of the evidence standard and give claims their broadest reasonable construction.

649 F.3d at 1291–92. For prior art to preclude patentability, it must meet the definition of prior art in 35 U.S.C. § 102 or § 103. Section 102 imposes novelty as a condition for patentability. Section 103 imposes non-obviousness as a condition for patentability.

### a)    Novelty

A person cannot obtain a patent if the claimed invention was already disclosed in a single piece, or reference, of prior art. Id. A prior art reference that contains every feature of a claimed invention "anticipates" the claimed invention. Polaroid Corp. v. Eastman Kodak Co., 789 F.2d 1556, 1573 (Fed. Cir. 1986) (quoting Peters v. Active Manuf. Co., 129 U.S. 530, 537 (1889)) (noting "that which infringes if later anticipates if earlier"). If a single prior art reference contains, expressly or inherently, every feature of the claimed invention, then the claimed invention is not novel and is ineligible for patenting. See Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc., 246 F.3d 1368, 1376

46

(Fed. Cir. 2001) (explaining that "[n]ewly discovered results of known processes directed to the same purpose are not patentable because such results are inherent").

The Court finds that Defendants failed to produce clear and convincing evidence that Defendants' inventions are § 102 prior art of the '864 Patent. Defendants presented no evidence that the Outdoor or Indoor Studios feature an imaging device attached to the Studios themselves. Thus, neither Studio constitutes a single prior art reference that contains, expressly or inherently, every feature of the claimed invention. Defendants' Outdoor and Indoor Studios are not prior art to the '864 Patent under § 102.

### b) Obviousness

Even if the claimed invention is novel (*i.e.*, it is not "identically disclosed" in a single reference of prior art), a person cannot obtain a patent "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. Unlike the novelty condition, the non-obvious condition does not require that one single prior art reference render the claimed invention obvious. Instead, a combination of prior art references may render the claimed invention obvious under § 103 if a person with skill in the art would have been motivated to combine elements from different prior art references to produce the claimed invention. See Yamanouchi Pharm. Co., Ltd. v. Danbury Pharm., Inc., 231

47

F.3d 1339, 1343 (Fed. Cir. 2000). In other words, when the prior art references, considered together, teach or suggest the claimed invention, then the prior art renders the claimed invention obvious. Polaroid Corp., 789 F.2d at 1563.

Defendants failed to produce any evidence that the Studios render the '864 Patent obvious. "Obviousness rests on several critical factual underpinnings: (1) the scope and content of the prior art, (2) the differences between the prior art and the claimed invention, (3) the level of skill in the art, and (4) the objective indicia of nonobviousness." Yamanouchi, 231 F.3d at 1343 (citations omitted). "'The relevant inquiry is what a hypothetical ordinarily skilled artisan would have gleaned from the cited references at the time that the patent application . . . was filed.'" Rothman v. Target Corp., 556 F.3d 1310, 1318 (Fed. Cir. 2009) (quoting Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1364 (Fed. Cir. 2001)).

At the outset, the Court notes that the parties provided no evidence from which the Court could determine the third factor: "the level of skill in the art." Cf. KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398, 412 (2007) (citations and internal quotations omitted) ("The District Court determined, in light of the expert testimony and the parties' stipulations, that the level of ordinary skill in pedal design was an undergraduate degree in mechanical engineering (or an equivalent amount of industry experience) [and] familiarity with pedal control systems for vehicles."). No party

produced evidence as to either Mr. Swinford's or Mr. Smithweck's educational background or expertise of any kind.[11]

The Court begins with the second factor and notes at least one significant difference between the undisclosed prior art—the Studios—and the claimed invention—the '864 Patent. The record contains no evidence that the Outdoor or Indoor Studios feature an imaging device. The '864 Patent does. Unlike the '864 Patent, therefore, the Studios do not address the problem of how to revolve a camera around the photography subject to take advantage of the Studios' consistent, revolving backdrop. This difference between the Studios and the '864 Patent is significant: the Studios are backdrops, designed to maintain a consistent background for a photography subject located within the Studio. The '864 Patent is a comprehensive imaging mechanism that incorporates both the imaging device and the backdrop, which revolve around a photography subject simultaneously.

Next, the Court considers the first factor: the scope and content of the prior art. No testimony related to this factor was presented at trial. However, the Court reviewed the record to attempt to determine the scope and content of the prior art, including the '864 Patent's Notice of Allowability. This document includes Examiner Allen Wong's finding that the disclosed prior art references do not preclude allowance of the '864

---

[11] The Court acknowledges that during his testimony, Mr. Smithweck stated, "I'm a salesman. I can overcome objections. I'm an engineer. I have common sense." Trial Tr. Day 2 at 170:23-24. The Court does not credit this statement, made in the context of Mr. Mirabel's questioning Mr. Smithweck concerning a customer's complaint that a product of Mr. Smithweck's was not working properly, as probative evidence of Mr. Smithweck's educational background or expertise.

Patent's claims. DX 94. Four prior art references were disclosed in the prosecution of the '864 Patent: U.S. Patent 4,236,795 ("Kephart"); U.S. Patent 2004/0183803 ("Longo"); U.S. Patent 2003/0114345 ("Leonard"); and U.S. Patent 5,726,705 ("Imanishi"). In determining the "allowable subject matter" in the '681 Application, Mr. Wong stated the following:

> Kephart . . . discloses an apparatus for producing images of the commonly viewed exterior surfaces of a subject, while maintaining the same background view for multiple images of the subject . . . comprising:
>
> an imaging device . . . which is physically linked with a display . . . such that the imaging device and the display can be revolved around a subject which is in a fixed position between said imaging device and said display . . . ;
>
> the imaging device captures multiple images of the subject during each revolution . . . , and the display is also captured in each of said images . . . .
>
> Longo . . . discloses an apparatus for producing images of the commonly viewed exterior surfaces of a vehicle . . . comprising:
>
> an imaging device mounted on a first support . . . ;
>
> wherein the vehicle is revolved around for imaging device to capture multiple images . . . ;
>
> the imaging device captures multiple images of the vehicle during each revolution and wherein the images are sufficiently pixilated such that damage to the vehicle exterior surface can be viewed when the images are displayed . . . .
>
> Lee . . . discloses an apparatus for producing images of the commonly viewed exterior surfaces of a vehicle . . . comprising:

50

> an imaging device mounted on a first support having wheels
> . . . .
>
> Imanishi . . . discloses an apparatus for producing images of the commonly viewed exterior surfaces of a subject . . . comprising:
>
> at least two imaging devices for capturing multiple images of the exterior of vehicle . . . ;
>
> the imaging devices capture multiple images of the vehicle . . . .

DX 94 at 360BOOTH-PA0000446-47. Mr. Wong determined that these prior art references, "either singularly or in combination," did not preclude the patentability of the '864 Patent. Id. at 360BOOTH-PA0000447.

These prior art references, however, were not entered into evidence. Neither party requested that the Court take judicial notice of these patents, and the Court declines to do so *sua sponte*. The record, therefore, contains no evidence of the content of these prior art references beyond what Mr. Wong wrote in the Notice of Allowability. Mr. Wong's descriptions of the referenced prior art are insufficient to allow this Court to determine that the Studios, together with other prior art references, render the '864 Patent's claims obvious.

Defendants produced no other evidence that the addition of an imaging device to the Studios would be obvious or would require little skill. Defendants appear to assert the Studios' "single line of wheels [riding] on a circular metal track" render obvious Claims 16 and 19 of the '864 Patent's, which claim its "apparatus . . . wherein

51

the row of wheels reside on a single track, which is arced[12]." <u>Dkt. 138 at 31</u>; DX 96 at

Claim 16. But this argument fails to acknowledge the apparatus claimed by the '864

Patent is one that includes an imaging device.[13] DX 96 at Claim 16. Even if the

Studios' design of a single track rendered Claim 16's "single track" obvious,

Defendants did not establish that the apparatus claimed in Claim 16, which included

an imaging device, was rendered obvious. <u>See</u> <u>Mentor Graphics Corp. v. EVE-USA,</u>

<u>Inc.</u>, <u>13 F. Supp. 1116, 1123</u>–24 (D. Ore. 2014).

The final factor of the obviousness test is whether there are "objective indicia of

nonobviousness." <u>Yamanouchi</u>, <u>231 F.3d at 1343</u>. The Court finds that the Parties

presented no evidence of objective indicia of nonobviousness at trial. <u>See</u> <u>Panduit</u>

<u>Corp. v. Dennison Mfg. Co.</u>, <u>810 F. 2d 1561, 1569</u> (Fed. Cir. 1987) (noting that

objective indicia of nonobviousness "may include: commercial success due to the

invention; failure of others; long felt need; movement of the skilled in a different

---

[12] Arced is defined as moving with a curving trajectory.

[13] Claim 16 of the '864 Patent states: "The apparatus of claim **14** wherein the row of wheels reside on a single track, which is arced." Claim 14 of the '864 Patent states:

> **An apparatus** for producing images of the commonly viewed exterior surfaces of a vehicle, while maintaining the same background view for multiple images of the vehicle, **comprising:**

> **an imaging device** mounted on a first support having wheels, and a display on one surface of a second support having wheels, where the first and second supports are opposed and physically linked by arms which run between and join the first and second supports together such that the first support and the second support can revolve around the vehicle which is positioned between them, while maintaining their positions relative lo each other and to the vehicle;

> the wheels of the first and second supports roll on a track resting on a supporting plane and the wheels of the vehicle also rest on the supporting plane . . . .

DX 96 at 360BOOTH-PA0000424 (emphasis added).

52

direction; skepticism of experts; copying the invention in preference to the prior art; and other events proved to have actually happened in the real world (hence the description 'objective')"). Plaintiffs argued that the PTO's grant of the '369 Patent over the disclosure of the '740 Patent constitutes an objective indication of nonobviousness. The PTO allowed the '369 Patent over Mr. Swinford's and Mr. Mirabel's disclosure of the '740 Patent, which claims the Studios' design. By not lining through the '740 Patent's disclosure by the applicant, Mr. Wong indicated that he considered the '740 Patent in his determination of the allowability of the '369 Patent's claims. DX 83 at 360BOOTH-PA0002824. By allowing the '369 Patent, Mr. Wong necessarily did not believe the '740 Patent rendered the '369 Patent non-novel or obvious, even in combination with the other disclosed prior art references.

The Court declines to afford much weight to the fact that the '369 Patent was granted over the disclosure of the '740 Patent as an "objective" indication of the '864 Patent's non-obviousness. First, Mr. Wong did not indicate whether he decided to allow the '369 Patent's claims over the '740 Patent because the '369 Patent's claims were entitled to priority. Defendants did not present evidence or argument that the '369 Patent's claims were not entitled to priority over the '740 Patent. Thus, Mr. Wong may have found that the '740 Patent did not render the '369 Patent obvious because the '369 Patent claims priority to a date prior to the '740 Patent's priority date. Second, Mr. Wong's determination is significant only as to the relationship between the '740 Patent and the '369 Patent. Based on the evidence and testimony presented at trial, the

53

Court is not persuaded that the relationship between these two patents informs the relationship between the Studios and the '864 Patent.

While the Court is not persuaded by Plaintiff's argument as to the final factor of the obviousness test, the Court nonetheless finds that Defendants failed to establish that the Studios rendered the '864 Patent obvious. A showing of but-for materiality here required Defendants to prove by clear and convincing evidence that the PTO would not have allowed the '864 Patent if it had known about the Outdoor and Indoor Studios. To do so, Defendants were tasked with showing that the Studios constituted prior art to the '864 Patent under the standards contained in 35 U.S.C. § 102 or § 103. Because Defendants failed to do so, the Court cannot conclude that the failure to disclose the Studios during the '864 Patent's prosecution was but-for material. Thus, the Court cannot conclude that the failure constituted inequitable conduct.

## IV.   CONCLUSION

Accordingly, the Court hereby **ORDERS**:

1.   Based on the Court's finding of inequitable conduct on the part of Mr. Swinford and Mr. Mirabel in the revival of the '320 and '321 Patents, the Court finds for Defendants and against Plaintiff on Defendants' Eleventh Affirmative Defense. As a result, the '320 and '321 Patents are **UNENFORCEABLE**.

2.   Based on the Court's finding of inequitable conduct on the part of Mr. Swinford and Mr. Mirabel in the revival of the '650 Application, the

54

Court finds for Defendants and against Plaintiff on Defendants' Twelfth Affirmative Defense. As a result, the '369 Patent is **UNENFORCEABLE**.

3.    Based on the Court's conclusion that a finding of infectious unenforceability as to the '328 Patent, a patent not in suit, is inappropriate, the Court finds for Plaintiff and against Defendants on Defendants' Thirteenth Affirmative Defense.

4.    Based on the Court's finding of no inequitable conduct on the part of Mr. Swinford and Mr. Mirabel in the prosecution of the '864 Patent, the Court finds for Plaintiff and against Defendants on Defendants' Tenth Affirmative Defense.

6.    Within thirty (30) days of the date of this Order, the Parties are **DIRECTED** to file a joint proposal as to how this case should proceed.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of July 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any *pro se* party

55

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**Stephen M. Swinford**


**Plaintiff,**

**Case No:  8:21-cv-02993-MSS-UAM**

**v.**

**360 Booth Inc. et al**


**Defendants.**

_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**  This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**  that  Judgment is entered in favor of Defendants and against Plaintiff on the '320 Patent, '321 Patent, and '369 Patent.


Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.


Date: October 1, 2025


ELIZABETH M. WARREN,
CLERK

s/A. M., Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

ADMCLOSED,APPEAL

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: 8:21-cv-02993-MSS-UAM

Swinford v. 360 Booth Inc. et al
Assigned to: Judge Mary S. Scriven
Referred to: Magistrate Judge Unassigned Magistrate
Cause: 35:271 Patent Infringement

Date Filed: 12/27/2021
Date Terminated: 08/07/2024
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Stephen M. Swinford**                                 represented by    **Bradford James Duft**
Bradford J. Duft
620 West Solana Circle
Unit 2g
Solana Beach, CA 92075
858-344-0755
Email: brad@codatherapeutics.com
*ATTORNEY TO BE NOTICED*

**Eric P. Mirabel , I**
Eric P Mirabel
3783 Darcus
Houston, TX 77005
281-772-3794
Email: eric@emirabel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stefan Vaughn Stein**
SteinPatent, PA
P.O. Box 21205
Tampa, FL 33622-1205
813-760-9205
Email: stefan.stein@steinpatent.com
*ATTORNEY TO BE NOTICED*

**Warren A. Zimmerman**
Warren A Zimmerman, P.A.
17031 Kettle Lane
Suite 203
Land O Lakes, FL 34638
813-230-1465
Email: warren@wzimmermanlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**360 Booth Inc.**                                     represented by **Amanda L DeGroote**
Cole Schotz P.C.
901 Main Street
Suite 4120
Dallas, TX 75202
815-701-6386
Email: adegroote@coleschotz.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Liimatainen Evans**
Offor Evans PLLC
1122 Jackson Street
Suite 901
Dallas, TX 75202
214-394-6779
Email: chris@offorevans.com
*ATTORNEY TO BE NOTICED*

**Ian Ross Phillips**
Cole Schotz P.C.
901 Main St
Suite 4120
DALLAS
Dallas, TX 75202
469-557-9392
Email: iphillips@coleschotz.com
*ATTORNEY TO BE NOTICED*

**Rajkumar Vinnakota**
Cole Schotz P.C.
901 Main Street
Suite 4120
Dallas, TX 75202
469-557-9390
Fax: 469-533-1587
Email: kvinnakota@coleschotz.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott John Topolski**
Cole Schotz PC
2255 Glades Rd Ste 142W
Boca Raton, FL 33431-7382
561-609-3856
Fax: 561-423-0392
Email: stopolski@coleschotz.com
*ATTORNEY TO BE NOTICED*

**Sean Hsu**

Cole Schotz P.C.
901 Main Street
Suite 4120
Dallas, TX 75202
469-557-9390
Fax: 469-533-1587
Email: shsu@coleschotz.com
*TERMINATED: 06/28/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Vishal H. Patel**
Cole Schotz P.C.
901 Main Street
Suite 4120
75202
Dallas, TX 75202
469-557-9390
Fax: 469-533-9719
Email: vpatel@coleschotz.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

Jay G. Smithweck                     represented by  **Rajkumar Vinnakota**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amanda L DeGroote**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Liimatainen Evans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ian Ross Phillips**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott John Topolski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Hsu**
(See above for address)
*TERMINATED: 06/28/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Vishal H. Patel**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Jay G. Smithweck**                          represented by    **Amanda L DeGroote**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Liimatainen Evans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ian Ross Phillips**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rajkumar Vinnakota**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott John Topolski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Hsu**
(See above for address)
*TERMINATED: 06/28/2023*
*ATTORNEY TO BE NOTICED*

**Vishal H. Patel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**360 Booth Inc.**                          represented by    **Amanda L DeGroote**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Liimatainen Evans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ian Ross Phillips**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rajkumar Vinnakota**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott John Topolski**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Hsu**
(See above for address)
*TERMINATED: 06/28/2023*
*ATTORNEY TO BE NOTICED*

**Vishal H. Patel**
(See above for address)
*ATTORNEY TO BE NOTICED*

## V.

## Counter Defendant

**Stephen M. Swinford**                    represented by    **Bradford James Duft**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric P. Mirabel , I**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stefan Vaughn Stein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Warren A. Zimmerman**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/27/2021 | 1 | COMPLAINT *for Patent Infringement* against All Defendants with Jury Demand (Filing fee $ 402 receipt number AFLMDC-19065261) filed by Stephen M Swinford. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit Patent No. US 8,830,320 B2, # 3 Exhibit Patent No. US 8,830,321 B2, # 4 Exhibit Patent No. US 8,836,785 B2, # 5 Exhibit Patent No.US 9,438,864 B2)(Zimmerman, Warren) (Entered: 12/27/2021) |
| 12/28/2021 | 2 | NEW CASE ASSIGNED to Judge Mary S. Scriven and Magistrate Judge Julie S. Sneed. New case number: 8:21-cv-2993-MSS-JSS. (MLJ) (Entered: 12/28/2021) |
| 12/28/2021 | 3 | MOTION for Eric P. Mirabel to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-19068560 for $150 *(copy and receipt for filing to be served on defendants with summons)* by Stephen M Swinford. (Attachments: # 1 Appendix Unsworn Declaration of Eric P. Mirabel)(Zimmerman, Warren) Motions referred to Magistrate Judge Julie S. Sneed. (Entered: 12/28/2021) |
| 12/29/2021 | 4 | Patent Report sent to Alexandria, VA. (Attachments: # 1 Complaint and Exhibits) (ABC) (Entered: 12/29/2021) |
| 12/30/2021 | 5 | NOTICE to counsel of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report |

| | | |
|---|---|---|
| | | (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (CRB) (Entered: 12/30/2021) |
| 01/03/2022 | 6 | **ORDER granting 3 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Julie S. Sneed on January 3, 2022. (AKA)** (Entered: 01/03/2022) |
| 01/04/2022 | 7 | PROPOSED summons to be issued by Stephen M Swinford. (Attachments: # 1 Main Document summons)(Mirabel, Eric) (Entered: 01/04/2022) |
| 01/05/2022 | 8 | SUMMONS issued as to 360 Booth Inc., Jay G Smithweck. (ABC) (Entered: 01/05/2022) |
| 01/14/2022 | 9 | RETURN of service executed on 1/11/2022 by Stephen M Swinford as to 360 Booth Inc, Jay G Smithweck re 1 Complaint . (Attachments: # 1 Main Document proof of service)(Mirabel, Eric) Modified text on 1/14/2022 (ABC). (Entered: 01/14/2022) |
| 01/28/2022 | 10 | MOTION for Extension of Time to File Answer re 1 Complaint by 360 Booth Inc. (Topolski, Scott) Modified text on 1/31/2022 (ABC). (Entered: 01/28/2022) |
| 01/31/2022 | 11 | **ENDORSED ORDER GRANTING 10 Defendants' Motion for Extension of Time to Respond to Complaint. Defendants shall have up to and including March 3, 2022 to answer or otherwise respond to the Complaint. Signed by Judge Mary S. Scriven on 1/31/2022. (APF)** (Entered: 01/31/2022) |
| 02/16/2022 | 12 | MOTION for Preliminary Injunction *against Defendants* by Stephen M Swinford. (Attachments: # 1 Affidavit Declaration in support, # 2 Exhibit claim chart, # 3 Exhibit claim chart)(Mirabel, Eric) Modified text on 2/17/2022 (ABC). (Entered: 02/16/2022) |
| 02/17/2022 | 13 | MOTION to Supplement *Unopposed Motion for Special Admission*, Emergency MOTION for Miscellaneous Relief, specifically Unopposed Motion for Special Admission - Patel by 360 Booth Inc. (Topolski, Scott) Modified text on 2/18/2022 (ABC). (Entered: 02/17/2022) |
| 02/17/2022 | 14 | MOTION for Vishal H. Patel to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-19250382 for $150 by 360 Booth Inc., Jay G Smithweck. (Topolski, Scott) Motions referred to Magistrate Judge Julie S. Sneed. (Entered: 02/17/2022) |
| 02/17/2022 | 15 | **ORDER granting 14 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Julie S. Sneed on February 17, 2022. (AKA)** (Entered: 02/17/2022) |
| 02/17/2022 | 16 | MOTION for Rajkumar Vinnakota to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-19250512 for $150 by 360 Booth Inc. (Topolski, Scott) Motions referred to Magistrate Judge Julie S. Sneed. Modified text on 2/18/2022 (ABC). (Entered: 02/17/2022) |
| 02/17/2022 | 17 | MOTION for Sean N. Hsu to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-19250545 for $150 by 360 Booth Inc. (Topolski, Scott) Motions referred to Magistrate Judge Julie S. Sneed. Modified text on 2/18/2022 (ABC). (Entered: 02/17/2022) |
| 02/17/2022 | 18 | **ORDER granting 16 Motion to Appear Pro Hac Vice; granting 17 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Julie S. Sneed on February 17,** |

| | | |
|---|---|---|
| | | 2022. (AKA) (Entered: 02/17/2022) |
| 02/18/2022 | 19 | MOTION to Dismiss Plaintiff's Original Complaint by All Defendants. (Patel, Vishal) (Entered: 02/18/2022) |
| 02/20/2022 | 20 | AMENDED COMPLAINT against 360 Booth Inc., Jay G Smithweck with Jury Demand filed by Stephen M Swinford. Related document: 1 Complaint filed by Stephen M Swinford. (Attachments: # 1 Exhibit 320 claim chart, # 2 Exhibit 864 claim chart)(Mirabel, Eric) Modified text on 2/22/2022 (ABC). (Entered: 02/20/2022) |
| 02/23/2022 | 21 | Unopposed MOTION for Extension of Time to File Response/Reply as to 12 First MOTION for Preliminary Injunction *against Defendants* MOTION to Quash not applicable *motion to quash not filed* by 360 Booth Inc., Jay G Smithweck. (Vinnakota, Rajkumar) (Entered: 02/23/2022) |
| 02/25/2022 | 22 | **ENDORSED ORDER GRANITNG 21 Defendants' Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction; DENYING AS MOOT 19 Defendants 360 Booth Inc. and Jay G. Smithweck's Motion to Dismiss Plaintiff's Original Complaint. In light of Plaintiff's having filed an Amended Complaint as a matter of course, Defendants' Motion to Dismiss is denied as moot. Defendants shall be free to reassert any of the challenges raised therein to the extent that they remain viable against the Amended Complaint. Defendants shall have up to and including Monday, March 21, 2022 to respond to Plaintiff's Motion for Preliminary Injunction. (Dkt. 12) Signed by Judge Mary S. Scriven on 2/25/2022. (APF)** (Entered: 02/25/2022) |
| 03/07/2022 | 23 | MOTION to Dismiss Plaintiff's Amended Complaint by 360 Booth Inc., Jay G Smithweck. (Attachments: # 1 Exhibit A - US Patent No. 9,046,740)(Hsu, Sean) (Entered: 03/07/2022) |
| 03/09/2022 | 24 | RESPONSE in Opposition re 23 MOTION to Dismiss Plaintiff's Amended Complaint filed by Stephen M Swinford. (Attachments: # 1 Exhibit Exhibit A)(Mirabel, Eric) (Entered: 03/09/2022) |
| 03/21/2022 | 25 | CERTIFICATE of interested persons and corporate disclosure statement by Stephen M Swinford. (Mirabel, Eric) (Entered: 03/21/2022) |
| 03/21/2022 | 26 | RESPONSE in Opposition re 12 First MOTION for Preliminary Injunction *against Defendants* MOTION to Quash not applicable *motion to quash not filed* filed by 360 Booth Inc., Jay G Smithweck. (Attachments: # 1 Exhibit 1 - Affidavit of Jay G. Smithweck in Support of Defendants' Response to Motion for Preliminary Injunction, # 2 Exhibit A - "Outdoor Studio" concept, # 3 Exhibit B - Photographs of first prototype, # 4 Exhibit C - Emails with Sonic Automotive, # 5 Exhibit D - Emails with Sonic Automotive, # 6 Exhibit E - Photographs of installations at Boardwalk Ferrari, # 7 Exhibit F - Photographs of installations at Ferrari San Francisco, # 8 Exhibit G - Smithweck's Patent for Indoor Studio (US 9,046,740), # 9 Exhibit H - 5/25/2012 Email from Smithweck to Swinford, # 10 Exhibit I - 5/27/2012 Email from Smithweck to Swinford attaching photos, # 11 Exhibit J - 2015 Swinford's badge scan at 360Booth Exhibit, # 12 Exhibit K - 2017 Swinford's badge scan at 360Booth Exhibit, # 13 Exhibit L - 360Booth marketing email registrations of Swinford, # 14 Exhibit M - LinkedIn connection, # 15 Affidavit Declaration of Rajkumar Vinnakota in Support of Defendants' Response to Motion for Preliminary Injunction, # 16 Exhibit 2 - File history for U.S. Patent No. 8,830,320, # 17 Exhibit 3 - File history for U.S. Patent No. 8,830,321, # 18 Exhibit 4 - redline comparison of U.S. Patent Nos. 8,830,320 and 9,438,864's disclosures, # 19 Exhibit 5 - ECF No. 12-2, # 20 Exhibit 6 - ECF No. 12-3, # 21 Exhibit 7 - Defendants' response to claim limitations in Plaintiff's uncharted, asserted U.S. Patent No. 8,830,321)(Hsu, Sean) (Entered: 03/21/2022) |

| 03/21/2022 | 27 | CERTIFICATE of interested persons and corporate disclosure statement by 360 Booth Inc., Jay G Smithweck. (Hsu, Sean) (Entered: 03/21/2022) |
|---|---|---|
| 03/24/2022 | 28 | **ENDORSED ORDER DENYING AS MOOT 13 Movant Vishal H. Patel's Unopposed Motion for Special Admission. In light of the Court's Order, (Dkt. 15), granting Movant's subsequent Unopposed Motion for Special Admission, (Dkt. 14), the earlier-filed Motion is moot. Signed by Judge Mary S. Scriven on 3/24/2022. (APF)** (Entered: 03/24/2022) |
| 03/30/2022 | 29 | CASE MANAGEMENT REPORT. (Mirabel, Eric) (Entered: 03/30/2022) |
| 04/26/2022 | 30 | **ORDER REFERRING MOTIONS: 12 Plaintiff's Motion for Preliminary Injunction Against Defendants' Making, Using, Selling, Offering for Sale or Importing of the 360Booth; 23 Defendants 360 Booth Inc. and Jay Smithweck's Motion to Dismiss Plaintiff's Amended Complaint. Pursuant to 28 U.S.C. § 636, this Court REFERS the above-mentioned motions to the Honorable Magistrate Judge Julie S. Sneed for entry of an Order or Report and Recommendation, as appropriate. Signed by Judge Mary S. Scriven on 4/26/2022. (APF) Motions referred to Magistrate Judge Julie S. Sneed.** (Entered: 04/26/2022) |
| 05/02/2022 | 31 | Unopposed MOTION for Ian Ross Phillips to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-19523357 for $150 by 360 Booth Inc., Jay G Smithweck. (Hsu, Sean) Motions referred to Magistrate Judge Julie S. Sneed. (Entered: 05/02/2022) |
| 05/02/2022 | 32 | **ORDER granting 31 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Julie S. Sneed on May 2, 2022. (AKA)** (Entered: 05/02/2022) |
| 05/06/2022 | 33 | **ENDORSDED ORDER directing the parties to file a Patent CMR within fourteen (14) days of the date of this Order. The form can be found at www.flmd.uscourts.gov under the Forms tab for Judge Scriven. Signed by Judge Mary S. Scriven on 5/6/2022. (CRB)** (Entered: 05/06/2022) |
| 05/10/2022 | 34 | NOTICE of evidentiary hearing re 12 First MOTION for Preliminary Injunction. Evidentiary Hearing set for July 6, 2022 at 10:00 AM in Tampa Courtroom 11 A before Magistrate Judge Julie S. Sneed.<br><br>Exhibit lists and witness lists must be filed by June 30, 2022. Additionally, on or before July 5, 2022, each party shall provide the Courtroom Deputy with a CD or USB drive containing PDF versions of each exhibit, or e-mail same to Chambers_FLMD_Sneed@flmd.uscourts.gov.<br><br>NOTICE of motion hearing re 23 MOTION to Dismiss Plaintiff's Amended Complaint. Motion hearing set for July 6, 2022 at 10:00 AM in Tampa Courtroom 11 A before Magistrate Judge Julie S. Sneed.(TLM) (Entered: 05/10/2022) |
| 05/20/2022 | 35 | CASE MANAGEMENT REPORT. (Topolski, Scott) (Entered: 05/20/2022) |
| 05/27/2022 | 36 | **CASE MANAGEMENT AND SCHEDULING ORDER: (PATENT CASE) Pretrial statement due by 1/29/2024. Jury Trial set for March 2024 Trial Term, which commences 3/4/2024 with a more precise date to follow. Conduct mediation hearing by 7/6/2022. Lead counsel to coordinate dates. Signed by Judge Mary S. Scriven on 5/27/2022. (APF)** (Entered: 05/27/2022) |
| 06/17/2022 | 37 | NOTICE OF SELECTION of Gregory Holder as mediator by Stephen M Swinford. (Mirabel, Eric) (Entered: 06/17/2022) |

| 06/23/2022 | 38 | MOTION for Miscellaneous Relief, specifically Leave to file a Reply Brief in connection with Preliminary Injunction motion by Stephen M Swinford. (Mirabel, Eric) (Entered: 06/23/2022) |
|---|---|---|
| 06/27/2022 | 39 | RESPONSE in Opposition re 38 MOTION for Miscellaneous Relief, specifically Leave to file a Reply Brief in connection with Preliminary Injunction motion filed by 360 Booth Inc., Jay G Smithweck. (Hsu, Sean) (Entered: 06/27/2022) |
| 06/28/2022 | 40 | **ENDORSED ORDER denying 38 Plaintiff's Motion for Leave to File a Reply Brief. To the extent the Parties seek to address additional information regarding 12 Plaintiff's Motion for Preliminary Injunction Against Defendants' Making, Using, Selling, Offering for Sale or Importing of the 360Booth, such information may be addressed at the July 6, 2022 hearing regarding that motion. Signed by Magistrate Judge Julie S. Sneed on June 28, 2022. (DD)** (Entered: 06/28/2022) |
| 06/30/2022 | 41 | Exhibit List *for Defendants* by 360 Booth Inc., Jay G Smithweck. (Hsu, Sean) (Entered: 06/30/2022) |
| 06/30/2022 | 42 | Witness List by 360 Booth Inc., Jay G Smithweck. (Hsu, Sean) (Entered: 06/30/2022) |
| 06/30/2022 | 43 | Exhibit List *for injunction hearing on 7.6.2022* by Stephen M Swinford. (Mirabel, Eric) (Entered: 06/30/2022) |
| 06/30/2022 | 44 | **\*\*\*TERMINATED-INCORRECT DOCUMENT\*\*\*** Witness List by Stephen M Swinford. (Mirabel, Eric) Modified on 7/1/2022 (LSS). (Entered: 06/30/2022) |
| 07/01/2022 | 45 | Witness List by Stephen M Swinford. (Mirabel, Eric) (Entered: 07/01/2022) |
| 07/01/2022 | 46 | MOTION In Limine regarding Preliminary Injunction Hearing by 360 Booth Inc., Jay G Smithweck. (Hsu, Sean) (Entered: 07/01/2022) |
| 07/02/2022 | 47 | MOTION to Withdraw 12 First MOTION for Preliminary Injunction *against Defendants* MOTION to Quash not applicable *motion to quash not filed* by Stephen M Swinford. (Mirabel, Eric) Motions referred to Magistrate Judge Julie S. Sneed. (Entered: 07/02/2022) |
| 07/05/2022 | 48 | **ENDORSED ORDER granting 47 Plaintiff's Request for Withdrawal of Its Preliminary Injunction Motion. In light of Plaintiff's request, the clerk is directed to terminate 12 Plaintiff's Motion for Preliminary Injunction Against Defendants' Making, Using, Selling, Offering for Sale or Importing of the 360Booth as moot. The clerk is further directed to cancel the evidentiary hearing re 12 First MOTION for Preliminary Injunction set for July 6, 2022 at 10:00 AM. The motion hearing re 23 MOTION to Dismiss Plaintiff's Amended Complaint will proceed as scheduled with further notice of that hearing to be provided by the clerk. Signed by Magistrate Judge Julie S. Sneed on July 5, 2022. (DD)** (Entered: 07/05/2022) |
| 07/05/2022 | 49 | **ENDORSED ORDER denying as moot 46 Defendants' Motions in Limine for Injunction Hearing in light of 47 Plaintiff's Request for Withdrawal of Its Preliminary Injunction Motion and the court's order cancelling the evidentiary hearing re 12 First MOTION for Preliminary Injunction previously set for July 6, 2022 at 10:00 AM. Signed by Magistrate Judge Julie S. Sneed on July 5, 2022. (DD)** (Entered: 07/05/2022) |
| 07/05/2022 | 50 | NOTICE canceling Motion hearing scheduled for 7/6/2022 (CDR) (Entered: 07/05/2022) |
| 07/05/2022 | 51 | NOTICE OF RESCHEDULING HEARING (AS TO COURTROOM ONLY): Motion Hearing re 23 set for 7/6/2022 at 10:00 AM in Zoom Video Conference before |

Magistrate Judge Julie S. Sneed. (CDR) (Entered: 07/05/2022)

| 07/05/2022 | 52 | **ENDORSED ORDER. In light of Defendants' counsel's travel to the Middle District of Florida, the Motion Hearing re 23 Defendants' Motion to Dismiss Plaintiff's Amended Complaint scheduled for July 6, 2022 at 10:00 AM will proceed in-person in Tampa Courtroom 11A. Plaintiff's counsel will be permitted to join the hearing telephonically, as the court does not have the capability to conduct videoconferencing within the courtroom. Signed by Magistrate Judge Julie S. Sneed on July 5, 2022. (DD)** (Entered: 07/05/2022) |
| --- | --- | --- |
| 07/05/2022 | 53 | NOTICE OF RESCHEDULING HEARING (AS TO COURTROOM ONLY): Motion Hearing re 23 set for 7/6/2022 at 10:00 AM in Tampa Courtroom 11 A before Magistrate Judge Julie S. Sneed. Plaintiff's counsel may appear telephonically. On time and date of hearing, counsel may call 877-411-9748 and enter access code 9873012 followed by security code 2993 and pound (#) key.(CDR) (Entered: 07/05/2022) |
| 07/06/2022 | 54 | Minute Entry. In Person Proceedings held before Magistrate Judge Julie S. Sneed: MOTION HEARING held on 7/6/2022 re 23 MOTION to Dismiss Plaintiff's Amended Complaint filed by 360 Booth Inc., Jay G Smithweck. (DIGITAL) (CDR) (Entered: 07/06/2022) |
| 07/08/2022 | 56 | **ORDER granting in part and denying in part 23 Defendants' Motion to Dismiss. Plaintiff is granted leave to file a Second Amended Complaint on or before July 20, 2022 in accordance with this order and the court's instructions at the July 6, 2022 hearing. Signed by Magistrate Judge Julie S. Sneed on July 8, 2022. (DD)** (Entered: 07/08/2022) |
| 07/12/2022 | 57 | TRANSCRIPT of motion hearing held on July 6, 2022 before Magistrate Judge Julie S. Sneed. Transcriber David J. Collier, Telephone number 813-301-5575. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Transcriber. Redaction Request due 8/2/2022 Redacted Transcript Deadline set for 8/12/2022 Release of Transcript Restriction set for 10/11/2022. (DJC) (Entered: 07/12/2022) |
| 07/12/2022 | 58 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: David Collier. (DJC) (Entered: 07/12/2022) |
| 07/20/2022 | 59 | Second AMENDED COMPLAINT against 360 Booth Inc., Jay G Smithweck with Jury Demand. filed by Stephen M Swinford. Related document: 20 AMENDED COMPLAINT filed by Stephen M Swinford. (Attachments: # 1 Exhibit A '864 patent, # 2 Exhibit B '320 patent, # 3 Exhibit C '321 patent, # 4 Exhibit D Swinford Declaration, # 5 Exhibit 1 Provisional drawings, # 6 Exhibit 2A '864 claim chart, # 7 Exhibit 2B '864 claim chart, # 8 Exhibit 2C '320 claim chart, # 9 Exhibit 3 '320 patent publn, # 10 Exhibit 4 '321 patent publn, # 11 Exhibit 5 '785 patent publn, # 12 Exhibit 6A1, # 13 Exhibit 6A2, # 14 Exhibit 6A3, # 15 Exhibit 6B, # 16 Exhibit 6C, # 17 Exhibit 7A, # 18 Exhibit 7B, # 19 Exhibit 7C, # 20 Exhibit 7D, # 21 Exhibit 8A, # 22 Exhibit 8B, # 23 Exhibit 8C, # 24 Exhibit 9, # 25 Exhibit 10, # 26 Exhibit 11A, # 27 Exhibit 11B, # 28 Exhibit 11C, # 29 Exhibit 11D, # 30 Exhibit 11E, # 31 Exhibit 11F) (Mirabel, Eric) Modified as to docket text and entry relationship on 7/21/2022 (JK). (Entered: 07/20/2022) |

| | | |
|---|---|---|
| 07/22/2022 | 60 | MOTION for Sanctions by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Affidavit Declaration of Sean N. Hsu, # 2 Exhibit 1 - Correspondence with Eric Mirbel, # 3 Exhibit 2 - 7/6/2022 Hearing Transcript, # 4 Affidavit Declaration of Rajkumar Vinnakota)(Vinnakota, Rajkumar) (Entered: 07/22/2022) |
| 08/03/2022 | 61 | MOTION to Dismiss Plaintiff's Second Amended Complaint [Dkt. 59] by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit 1.1 - 320 File History excerpt, # 2 Exhibit 1.2 - 320 File History excerpt, # 3 Exhibit 1.3 - 320 File History excerpt, # 4 Exhibit 1.4 - 320 File History excerpt, # 5 Exhibit 1.5 - 320 File History excerpt, # 6 Exhibit 2.1 - 321 File History excerpt, # 7 Exhibit 2.2 - 321 File History excerpt, # 8 Exhibit 2.3 - 321 File History excerpt, # 9 Exhibit 2.4 - 321 File History excerpt, # 10 Exhibit 2.5 - 321 File History excerpt, # 11 Exhibit 2.6 - 321 File History excerpt, # 12 Exhibit 2.7 - 321 File History excerpt, # 13 Exhibit 2.8 - 321 File History excerpt, # 14 Exhibit 3 - Hearing Transcript)(Hsu, Sean) (Entered: 08/03/2022) |
| 08/04/2022 | 62 | RESPONSE in Opposition re 60 MOTION for Sanctions filed by Stephen M. Swinford. (Attachments: # 1 Exhibit A, # 2 Exhibit A1, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Mirabel, Eric) (Entered: 08/04/2022) |
| 08/05/2022 | 63 | SUGGESTION of PRELIMINARY INFRINGEMENT CONTENTIONS by Stephen M. Swinford. (Attachments: # 1 Exhibit 2A, # 2 Exhibit 2B, # 3 Exhibit 2C, # 4 Appendix D)(Mirabel, Eric) (Entered: 08/05/2022) |
| 08/16/2022 | 64 | RESPONSE in Opposition re 61 MOTION to Dismiss Plaintiff's Second Amended Complaint [Dkt. 59] filed by Stephen M. Swinford. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mirabel, Eric) (Entered: 08/16/2022) |
| 08/18/2022 | 65 | **ORDER REFERRING MOTIONS: 60 Defendants' Motion for Sanctions and 61 Defendants 360 Booth Inc. and Jay G. Smithweck's Motion to Dismiss Plaintiff's Second Amended Complaint for Patent Infringement. Pursuant to 28 U.S.C. § 636, this Court REFERS the above-mentioned motions to the Honorable Magistrate Judge Julie S. Sneed for entry of an Order or Report and Recommendation, as appropriate. Signed by Judge Mary S. Scriven on 8/18/2022. (APF) Motions referred to Magistrate Judge Julie S. Sneed.** (Entered: 08/18/2022) |
| 09/07/2022 | 66 | Unopposed MOTION for Extension of Time to File 9/23/2022 *Preliminary Invalidity Contentions* by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 09/07/2022) |
| 09/07/2022 | 67 | **ENDORSED ORDER GRANTING 66 Defendants 360Booth Inc. and Jay G. Smithweck's Unopposed Motion for Extension of Time for Invalidity Contentions. The deadline to file preliminary invalidity contentions is extended to September 23, 2022. All other deadlines in the Court's Case Management and Scheduling Order shall remain the same unless otherwise ordered. Signed by Judge Mary S. Scriven on 9/7/2022. (APF)** (Entered: 09/07/2022) |
| 09/23/2022 | 68 | SUGGESTION of of Defendants' Preliminary Invalidity Contentions by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit A1 - A41 - '320 Patent Prior Art Charts, # 2 Exhibit B1 - B41 - '321 Patent Prior Art Charts, # 3 Exhibit C1 - C41 - '864 Patent Prior Art Charts)(Vinnakota, Rajkumar) (Entered: 09/23/2022) |
| 09/26/2022 | 69 | MOTION to Compel Document production; interrogatory responses by Stephen M. Swinford. (Attachents: # 1 Exhibit A, # 2 Exhibit B1, # 3 Exhibit B2, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Mirabel, Eric) Motions referred to Magistrate Judge Julie S. Sneed. (Entered: 09/26/2022) |

| | | |
|---|---|---|
| 10/06/2022 | 70 | NOTICE of hearing on motion re 69 MOTION to Compel Document production; interrogatory responses , 60 MOTION for Sanctions , 61 MOTION to Dismiss Plaintiff's Second Amended Complaint [Dkt. 59] . Motion Hearing set for 11/10/2022 at 02:00 PM in Tampa Courtroom 11 A before Magistrate Judge Julie S. Sneed. Plaintiff's counsel is permitted to attend the hearing via Zoom. The Clerk will be sending an invitation to the conference via email. If you have any questions, please contact chambers at CHAMBERS_FLMD_SNEED@flmd.uscourts.gov. Although permitted place by video, counsel should dress appropriately for this Court proceeding. Furthermore, the parties are hereby reminded that under Local Rule 5.01 the taking of photographs, the operation of recording or transmission devices, and the broadcasting or televising of proceedings in any courtroom or hearing room of this Court, or the environs thereof, either while the Court is in session or at recesses between sessions when Court officials, lawyers, jurors, witnesses or other persons connected with judicial proceedings of any kind are present, are prohibited. (CDR) (Entered: 10/06/2022) |
| 10/10/2022 | 71 | RESPONSE to Motion re 69 MOTION to Compel Document production; interrogatory responses filed by 360 Booth Inc.. (Vinnakota, Rajkumar) (Entered: 10/10/2022) |
| 10/19/2022 | 72 | MOTION for Discovery *for Entry of an ESI Order* by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit A - Proposed Order Regarding E-Discovery, # 2 Exhibit B - Emails with Opposing Counsel re: ESI Order)(Vinnakota, Rajkumar) Motions referred to Magistrate Judge Julie S. Sneed. (Entered: 10/19/2022) |
| 10/26/2022 | 73 | MOTION to Strike 68 Suggestion of, *Defendants' Invalidity Contentions* by Stephen M. Swinford. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Mirabel, Eric) (Entered: 10/26/2022) |
| 10/27/2022 | 74 | RESPONSE in Opposition re 72 MOTION for Discovery *for Entry of an ESI Order* filed by Stephen M. Swinford. (Mirabel, Eric) (Entered: 10/27/2022) |
| 11/03/2022 | 75 | Unopposed MOTION for Christopher Evans to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-20161575 for $150 by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) Motions referred to Magistrate Judge Julie S. Sneed. (Entered: 11/03/2022) |
| 11/03/2022 | 76 | **ORDER granting 75 Motion to Appear Pro Hac Vice for Christopher Evans. Signed by Magistrate Judge Julie S. Sneed on 11/3/2022. (SMC)** (Entered: 11/03/2022) |
| 11/08/2022 | 77 | NOTICE canceling Motion hearing scheduled for 11/10/2022 due to inclement weather. Hearing to be rescheduled at a later date/time. (CDR) (Entered: 11/08/2022) |
| 11/08/2022 | 78 | NOTICE of hearing on motion re 69 MOTION to Compel Document production; interrogatory responses , 60 MOTION for Sanctions , 72 MOTION for Discovery *for Entry of an ESI Order*, 61 MOTION to Dismiss Plaintiff's Second Amended Complaint [Dkt. 59] . Motion Hearing set for 11/16/2022 at 02:00 PM in Zoom Video Conference before Magistrate Judge Julie S. Sneed. Motion Hearing set for 11/10/2022 at 02:00 PM in Tampa Courtroom 11 A before Magistrate Judge Julie S. Sneed. Plaintiff's counsel is permitted to attend the hearing via Zoom. The Clerk will be sending an invitation to the conference via email. If you have any questions, please contact chambers at CHAMBERS_FLMD_SNEED@flmd.uscourts.gov. Although permitted place by video, counsel should dress appropriately for this Court proceeding. Furthermore, the parties are hereby reminded that under Local Rule 5.01 the taking of photographs, the operation of recording or transmission devices, and the broadcasting or televising of proceedings in any courtroom or hearing room of this Court, or the environs thereof, either while the Court is in session or at recesses between sessions |

| | | |
|---|---|---|
| | | when Court officials, lawyers, jurors, witnesses or other persons connected with judicial proceedings of any kind are present, are prohibited. (CDR) (Entered: 11/08/2022) |
| 11/09/2022 | 79 | RESPONSE in Opposition re 73 MOTION to Strike 68 Suggestion of, *Defendants' Invalidity Contentions* filed by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 11/09/2022) |
| 11/15/2022 | 80 | OBJECTION/NOTICE by 360 Booth Inc., Jay G. Smithweck *of Defendants' Objections to Plaintiff's New Arguments and Evidence Included in Hearing Slides* (Vinnakota, Rajkumar) Modified text on 11/16/2022 (LSS). (Entered: 11/15/2022) |
| 11/16/2022 | 81 | Minute Entry. Virtual Proceedings held before Magistrate Judge Julie S. Sneed: MOTION HEARING held on 11/16/2022 re 69 MOTION to Compel Document production; interrogatory responses filed by Stephen M. Swinford, 60 MOTION for Sanctions filed by 360 Booth Inc., Jay G. Smithweck, 61 MOTION to Dismiss Plaintiff's Second Amended Complaint [Dkt. 59] filed by 360 Booth Inc., Jay G. Smithweck, 72 MOTION for Discovery *for Entry of an ESI Order* filed by 360 Booth Inc., Jay G. Smithweck. (DIGITAL) (CDR) (Entered: 11/16/2022) |
| 11/16/2022 | 83 | NOTICE of hearing: Discovery Status Conference set for 1/23/2023 at 02:00 PM in Zoom Video Conference before Magistrate Judge Julie S. Sneed. The Clerk will be sending an invitation to the conference via email. If you have any questions, please contact chambers at CHAMBERS_FLMD_SNEED@flmd.uscourts.gov. Although permitted place by video, counsel should dress appropriately for this Court proceeding. Furthermore, the parties are hereby reminded that under Local Rule 5.01 the taking of photographs, the operation of recording or transmission devices, and the broadcasting or televising of proceedings in any courtroom or hearing room of this Court, or the environs thereof, either while the Court is in session or at recesses between sessions when Court officials, lawyers, jurors, witnesses or other persons connected with judicial proceedings of any kind are present, are prohibited. (CDR) (Entered: 11/16/2022) |
| 11/21/2022 | 84 | **ORDER granting in part and denying in part 69 Motion to Compel; granting in part and denying in part 72 Motion for Entry of an ESI Order. See Order for details. Signed by Magistrate Judge Julie S. Sneed on November 21, 2022. (DD)** (Entered: 11/21/2022) |
| 11/21/2022 | 85 | **ORDER denying without prejudice 60 Motion for Sanctions. Signed by Magistrate Judge Julie S. Sneed on November 21, 2022. (DD)** (Entered: 11/21/2022) |
| 11/21/2022 | 86 | **ORDER granting in part and denying in part Defendants' 61 Motion to Dismiss. The 59 Second Amended Complaint is DISMISSED without prejudice and Plaintiff is granted leave to file a Third Amended Complaint, if warranted, on or before December 9, 2022, in accordance with the court's instructions at the November 16, 2022 hearing and this order. Signed by Magistrate Judge Julie S. Sneed on November 21, 2022. (DD)** (Entered: 11/21/2022) |
| 12/07/2022 | 87 | AMENDED COMPLAINT *THIRD* against All Defendants with Jury Demand. filed by Stephen M. Swinford. (Attachments: # 1 Exhibit A '864 patent, # 2 Exhibit A1 publication of '864 patent, # 3 Exhibit B '320 patent, # 4 Exhibit C '321 patent, # 5 Exhibit D Swinford Declaration, # 6 Exhibit 2A '864 claim chart for 2 door, # 7 Exhibit 2B '864 claim chart for single door, # 8 Exhibit 2C '320 claim chart, # 9 Exhibit 3 '320 patent publn, # 10 Exhibit 4 '321 patent publn, # 11 Exhibit 5 '785 patent publn, # 12 Exhibit 6A1 emails, # 13 Exhibit 6A2 emails, # 14 Exhibit 6A3, # 15 Exhibit 6B, # 16 Exhibit 6C, # 17 Exhibit 7A, # 18 Exhibit 7B, # 19 Exhibit 7C Defendants' patent, # 20 |

| | | |
|---|---|---|
| | | Exhibit 8A, # 21 Exhibit 8B, # 22 Exhibit 8C, # 23 Exhibit 9, # 24 Exhibit 10, # 25 Exhibit 11A, # 26 Exhibit 11B, # 27 Exhibit 11C, # 28 Exhibit 11D, # 29 Exhibit 11E, # 30 Exhibit 11F, # 31 Exhibit X)(Mirabel, Eric) (Entered: 12/07/2022) |
| 12/09/2022 | 88 | SUGGESTION of Joint Claim Construction Chart by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit A - Joint Claim Construction Chart)(Hsu, Sean) (Entered: 12/09/2022) |
| 12/12/2022 | 89 | TRANSCRIPT of motion hearing held on 11/16/22 before Judge Julie S. Sneed. Court Reporter/Transcriber Rebecca Sabo,Telephone number 14068556410. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter.. Redaction Request due 1/3/2023 Redacted Transcript Deadline set for 1/12/2023 Release of Transcript Restriction set for 3/13/2023. (RMS) (Entered: 12/12/2022) |
| 12/12/2022 | 90 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Rebecca Sabo. (RMS) (Entered: 12/12/2022) |
| 12/20/2022 | 91 | Consent MOTION to Amend 87 Amended Complaint *and for leave of court to file a Fourth Amended Complaint* by Stephen M. Swinford. (Mirabel, Eric) (Entered: 12/20/2022) |
| 12/20/2022 | 92 | AMENDED COMPLAINT *FOURTH* against All Defendants with Jury Demand. filed by Stephen M. Swinford. Related document: 87 Amended Complaint filed by Stephen M. Swinford. (Attachments: # 1 Exhibit A '864 patent, # 2 Exhibit A1 publication of '864 patent, # 3 Exhibit B '320 patent, # 4 Exhibit C '321 patent, # 5 Exhibit D Swinford Declaration, # 6 Exhibit 2A '864 claim chart for 2 door, # 7 Exhibit 2B '864 claim chart for single door, # 8 Exhibit 2C '320 claim chart, # 9 Exhibit 3 '320 patent publn, # 10 Exhibit 4 '321 patent publn, # 11 Exhibit 5 '785 patent publn, # 12 Exhibit 6A1, # 13 Exhibit 6A2 emails, # 14 Exhibit 6A3, # 15 Exhibit 6B, # 16 Exhibit 6C, # 17 Exhibit 7A, # 18 Exhibit 7B, # 19 Exhibit 7C, # 20 Exhibit 7D, # 21 Exhibit 8A, # 22 Exhibit 8B, # 23 Exhibit 8C, # 24 Exhibit 9, # 25 Exhibit 10, # 26 Exhibit 11A, # 27 Exhibit 11B, # 28 Exhibit 11C, # 29 Exhibit 11D, # 30 Exhibit 11E, # 31 Exhibit 11F, # 32 Exhibit X)(Mirabel, Eric) (Entered: 12/20/2022) |
| 12/20/2022 | 93 | Unopposed MOTION for Extension of Time to File Answer re 87 Amended Complaint by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 12/20/2022) |
| 12/22/2022 | 94 | Trademark Report sent to Alexandria, VA. (Attachments: # 1 Exhibit Amended Complaint, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit, # 33 Exhibit) (LD) (Entered: 12/22/2022) |
| 12/22/2022 | 95 | **ENDORSED ORDER GRANTING 91 Plaintiff's Unopposed Motion for Leave to File a Fourth Amended Complaint; GRANTING 93 Defendants 360Booth Inc. and Jay G. Smithweck's Unopposed Motion to Extend Answer Deadline. Plaintiff's Fourth Amended Complaint, (Dkt. 92), shall be deemed filed as of the date of this Order. Defendants shall have fourteen (14) days to answer or** |

| | | otherwise respond to the Fourth Amended Complaint. Signed by Judge Mary S. Scriven on 12/22/2022. (APF) (Entered: 12/22/2022) |
|---|---|---|
| 01/05/2023 | 96 | *Defendants'* ANSWER and affirmative defenses with Jury Demand to 92 Amended Complaint , COUNTERCLAIM against Stephen M. Swinford by Jay G. Smithweck, 360 Booth Inc..(Vinnakota, Rajkumar) (Entered: 01/05/2023) |
| 01/11/2023 | 97 | MOTION to File Excess Pages *in the Claim Construction Brief* by All Plaintiffs. (Attachments: # 1 Main Document Claim Construction Brief)(Mirabel, Eric) (Entered: 01/11/2023) |
| 01/13/2023 | 98 | NOTICE by 360 Booth Inc., Jay G. Smithweck *of Defendants 360Booth Inc. and Jay G. Smithweck's Opening Claim Construction Brief* (Attachments: # 1 Appendix Appendix in Support of Defendants' Opening Claim Construction Brief, # 2 Exhibit A - US Patent No. 8,830,320, # 3 Exhibit B - US Patent No. 8,830,321, # 4 Exhibit C - US Patent No. 9,438,864, # 5 Exhibit D1 - '320 Summary of Asserted Claims and Disputed Terms, # 6 Exhibit D2 - '321 Summary of Asserted Claims and Disputed Terms, # 7 Exhibit D3 - '864 Summary of Asserted Claims and Disputed Terms, # 8 Exhibit E - Summary of Parties' Joint Claim Construction Chart and Evidence, # 9 Exhibit F - American Heritage Dictionary Definitions, # 10 Exhibit G - Webster's New College Dictionary Definitions, # 11 Exhibit H - '321 File History, # 12 Exhibit I - '320 File History, # 13 Exhibit J - '864 File History, # 14 Exhibit K - File History of US Patent No. 8,836,785)(Vinnakota, Rajkumar) (Entered: 01/13/2023) |
| 01/19/2023 | 99 | **ENDORSED ORDER GRANTING 97 the Motion for Leave to File Plaintiff's 29 Page Claim Construction Brief. The Court's Case Management and Scheduling Order sets a 30-page limit for the claim construction briefing. (Dkt. 36) The Clerk is directed to separately docket Plaintiff's Claim Construction Brief. (Dkt. 97-1) Signed by Judge Mary S. Scriven on 1/19/2023. (APF)** (Entered: 01/19/2023) |
| 01/20/2023 | 100 | Plaintiff's Claim Construction Brief by Stephen M. Swinford (LSS) (Entered: 01/20/2023) |
| 01/20/2023 | 101 | NOTICE of compliance re 84 Order on Motion to Compel, Order on Motion for Discovery by 360 Booth Inc., Jay G. Smithweck (Attachments: # 1 Exhibit A - Defendants' Responses to Plaintiff's Initial List of Search Terms, # 2 Exhibit B - Defendants' First Supplemental Responses to Plaintiff's Initial List of Search Terms, # 3 Exhibit C - Defendants' Second Supplemental Responses to Plaintiff's Initial List of Search Terms, # 4 Exhibit D - Defendants' Third Supplemental Responses to Plaintiff's Initial List of Search Terms)(Vinnakota, Rajkumar) (Entered: 01/20/2023) |
| 01/23/2023 | 102 | Minute Entry. Virtual Proceedings held before Magistrate Judge Julie S. Sneed: STATUS CONFERENCE held on 1/23/2023. (DIGITAL) (CDR) (Entered: 01/23/2023) |
| 01/25/2023 | 104 | First MOTION to Dismiss for Failure to State a Claim *in Defendants' counterclaims, and for shotgun pleading, declaratory judgment act, and to strike* by Stephen M. Swinford. (Mirabel, Eric) (Entered: 01/25/2023) |
| 01/25/2023 | 105 | MOTION to Strike *Defendants' Claim Construction Brief* by Stephen M. Swinford. (Mirabel, Eric) (Entered: 01/25/2023) |
| 01/25/2023 | 106 | RESPONSE in Opposition re 105 MOTION to Strike *Defendants' Claim Construction Brief* filed by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 01/25/2023) |
| 02/07/2023 | 107 | STIPULATION re 104 First MOTION to Dismiss for Failure to State a Claim *in Defendants' counterclaims, and for shotgun pleading, declaratory judgment act, and to* |

| | | |
|---|---|---|
| | | *strike For Defendants to File Amended Answer and Counterclaims in Lieu of Responding to Motion to Dismiss* by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 02/07/2023) |
| 02/07/2023 | 108 | AMENDED ANSWER to *Plaintiff's Fourth* 92 Amended Complaint , Amended COUNTERCLAIM against Stephen M. Swinford by Jay G. Smithweck, 360 Booth Inc.. (Attachments: # 1 Exhibit A - Defendants' Preliminary Invalidity Contentions, # 2 Exhibit B - '320 Invalidity Chart, # 3 Exhibit C - '321 Invalidity Chart, # 4 Exhibit D - '864 Invalidity Chart)(Vinnakota, Rajkumar) (Entered: 02/07/2023) |
| 02/07/2023 | 109 | Final MOTION to Amend 92 Amended Complaint *4th, and leave to enter 5th Amended Complaint* by Stephen M. Swinford. (Attachments: # 1 Main Document 5th Amended Complaint, # 2 Exhibit A '864 patent, # 3 Exhibit B '320 patent, # 4 Exhibit C1 '369 patent, # 5 Exhibit C2 '369 appln Publication, # 6 Exhibit D Swinford Declaration, # 7 Exhibit 2A '864 2 door claim chart, # 8 Exhibit 2B '864 single door chart, # 9 Exhibit 2C '320 claim chart, # 10 Exhibit 2D '369 2 door claim chart, # 11 Exhibit 2E '369 single door claim chart, # 12 Exhibit 3 '320 patent appln publication, # 13 Exhibit 4 '321 patent appln publication, # 14 Exhibit 5 '785 patent appln publication, # 15 Exhibit 6A1, # 16 Exhibit 6A2, # 17 Exhibit 6B, # 18 Exhibit 5C, # 19 Exhibit 7A, # 20 Exhibit 7B, # 21 Exhibit 7C, # 22 Exhibit 7D, # 23 Exhibit 8A, # 24 Exhibit 8B, # 25 Exhibit 8C, # 26 Exhibit 9, # 27 Exhibit 10, # 28 Exhibit 11A, # 29 Exhibit 11B, # 30 Exhibit 11C, # 31 Exhibit 11D, # 32 Exhibit 11E, # 33 Exhibit 11F, # 34 Exhibit X) (Mirabel, Eric) (Entered: 02/07/2023) |
| 02/09/2023 | 110 | Unopposed MOTION for Extension of Time to File Response/Reply as to 109 Final MOTION to Amend 92 Amended Complaint *4th, and leave to enter 5th Amended Complaint* by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 02/09/2023) |
| 02/10/2023 | 111 | **ENDORSED ORDER DENYING AS MOOT 104 Plaintiff's Motion to Dismiss Defendants 360Booth Inc. and Jay G. Smithweck's Counterclaims. In light of Defendants having amended their Answer and Counterclaims pursuant to Fed. R. Civ. P. 15(a)(2), the Motion is denied as moot. Plaintiff shall be free to reassert any of the challenges raised therein to the extent that they remain viable against the amended Counterclaims. Signed by Judge William F. Jung on 2/10/2023. (APF)** (Entered: 02/10/2023) |
| 02/10/2023 | 112 | MEMORANDUM in opposition re 98 Notice (Other) *of Defendants' Claim Construction Brief* filed by Stephen M. Swinford. (Mirabel, Eric) (Entered: 02/10/2023) |
| 02/10/2023 | 113 | **ENDORSED ORDER GRANTING 110 Defendants' Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion for Leave to Enter Fifth Amended Complaint for Patent Infringement. Defendants shall have up to and including March 10, 2023 to respond to Plaintiff's Motion. Signed by Judge William F. Jung on 2/10/2023. (APF)** (Entered: 02/10/2023) |
| 02/10/2023 | 114 | MEMORANDUM in opposition re 100 Notice (Other) *of Plaintiff's Claim Construction Brief* filed by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 02/10/2023) |
| 02/25/2023 | 115 | Second MOTION to Dismiss for Failure to State a Claim *by Defendants' Counterclaims and Strike Some of Their Affirmative Defenses* by Stephen M. Swinford. (Attachments: # 1 Exhibit A1A, # 2 Exhibit B1B, # 3 Exhibit C1C, # 4 Exhibit D) (Mirabel, Eric) (Entered: 02/25/2023) |

| 02/25/2023 | 116 | MOTION to File Excess Pages *For Leave to do so* by Stephen M. Swinford. (Mirabel, Eric) (Entered: 02/25/2023) |
|---|---|---|
| 02/27/2023 | 117 | Unopposed MOTION for Extension of Time to File Response/Reply as to 116 MOTION to File Excess Pages *For Leave to do so*, 115 Second MOTION to Dismiss for Failure to State a Claim *by Defendants' Counterclaims and Strike Some of Their Affirmative Defenses* by 360 Booth Inc., Jay G. Smithweck. (Evans, Christopher) (Entered: 02/27/2023) |
| 03/10/2023 | 118 | **ENDORSED ORDER GRANTING 116 Plaintiff's Motion for Leave to File Additional Pages; GRANTING IN PART AND DENYING IN PART 117 Defendants' Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion to Strike Defendants 360 Booth Inc. and Jay G. Smithweck's Affirmative Defenses and Dismiss Their Counterclaims and Plaintiff's Motion for Leave to File Additional Pages. Plaintiff's Motion for Leave to File Additional Pages, (Dkt. 116) is GRANTED, and the oversized Motion to Strike and Dismiss, (Dkt. 115), shall be accepted. Defendant shall have up to and including March 24, 2023 to respond to the Motion to Strike and Dismiss. Signed by Judge Mary S. Scriven on 3/10/2023. (APF)** (Entered: 03/10/2023) |
| 03/10/2023 | 119 | RESPONSE in Opposition re 109 Final MOTION to Amend 92 Amended Complaint *4th, and leave to enter 5th Amended Complaint* filed by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 03/10/2023) |
| 03/24/2023 | 120 | RESPONSE in Opposition re 115 Second MOTION to Dismiss for Failure to State a Claim *by Defendants' Counterclaims and Strike Some of Their Affirmative Defenses* filed by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 03/24/2023) |
| 03/27/2023 | 121 | MOTION for Extension of Time to File final infringement contentions and other remaining event documents by Stephen M. Swinford. (Attachments: # 1 Appendix A) (Mirabel, Eric) (Entered: 03/27/2023) |
| 03/28/2023 | 122 | MEMORANDUM in support re 121 Motion for Extension of Time to File *final infringement contentions and other event matters* filed by Stephen M. Swinford. (Mirabel, Eric) (Entered: 03/28/2023) |
| 03/28/2023 | 123 | RESPONSE to Motion re 121 MOTION for Extension of Time to File final infringement contentions and other remaining event documents *in Partial Opposition* filed by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 03/28/2023) |
| 04/07/2023 | 124 | SUGGESTION of Final Infringement Contentions by Stephen M. Swinford. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2A, # 3 Exhibit 2B, # 4 Exhibit 2C)(Mirabel, Eric) (Entered: 04/07/2023) |
| 04/13/2023 | 125 | **ORDER GRANTING 109 Plaintiff's Motion for Leave to Enter Plaintiff's Fifth Amended Complaint for Patent Infringement; GRANTING as stated herein 121 Plaintiff's Motion to Extend Times for Events on the Scheduling Order. This matter is hereby STAYED and ADMINISTRATIVELY CLOSED for a period of sixty (60) days to allow the Parties time to schedule and conduct mediation. Within fourteen (14) days of the date of this Order, the Parties shall file a Notice to the Court advising of the date and time of their scheduled mediation. All pending motions 73, 105, 115 are TERMINATED AS MOOT. Signed by Judge Mary S. Scriven on 4/13/2023. (APF)** (Entered: 04/13/2023) |
| 04/20/2023 | 126 | NOTICE by 360 Booth Inc., Jay G. Smithweck re 125 Order on Motion to Strike Order on Motion to Amend / Correct / Modify / Supplement, Order on Motion to Dismiss for |

| | | |
|---|---|---|
| | | Failure to State a Claim, Order on Motion for Extension of Time to File *Joint Notice and Motion to Extend Stay* (Evans, Christopher) (Entered: 04/20/2023) |
| 04/27/2023 | 127 | **ENDORSED ORDER GRANTING 126 Joint Notice and Motion to Extend Stay. This case shall remain STAYED and ADMINISTRATIVELY CLOSED until July 1, 2023. The Parties shall file a motion to reopen this case to proceed with the litigation or obtain whatever other relief would be appropriate within seven (7) days of the expiration of the stay. If the Parties reach a settlement prior to the expiration of the stay, prompt notice shall be provided in accord with Local Rule 3.09. Signed by Judge Mary S. Scriven on 4/27/2023. (APF)** (Entered: 04/27/2023) |
| 06/06/2023 | 128 | TRANSCRIPT of Status Conference held on January 23, 2022 before Judge Julie S. Sneed. Court Reporter/Transcriber: Tana J. Hess. Email address: tana_hess@flmd.uscourts.gov. Telephone number: 8133015207. <br><br> NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/27/2023. Redacted Transcript Deadline set for 7/7/2023. Release of Transcript Restriction set for 9/5/2023. (TJH) (LSS). (Entered: 06/06/2023) |
| 06/19/2023 | 129 | MEDIATION report Hearing held on 06/19/2023. Hearing outcome: Impasse.. (Holder, Gregory) (Entered: 06/19/2023) |
| 06/21/2023 | 130 | MOTION to Reopen Case *following mediation* by Stephen M. Swinford. (Mirabel, Eric) (Entered: 06/21/2023) |
| 06/21/2023 | 131 | RESPONSE to Motion re 130 MOTION to Reopen Case *following mediation* filed by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 06/21/2023) |
| 06/22/2023 | 132 | OBJECTION re 131 Response to motion *by Defendants to mandate physical attendance at status conference by all counsel*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mirabel, Eric) (Entered: 06/22/2023) |
| 06/27/2023 | 133 | **ENDORSED ORDER GRANTING 130 Plaintiff's Unopposed Motion to Re-Open this Case and Enter the Fifth Amended Complaint. The Clerk is Directed to REOPEN this case and separately docket Plaintiff's Fifth Amended Complaint and Exhibits, (Dkts. 109-1 - 109-34), which shall be deemed filed as of the date of this Order. By separate notice, the Court will set this case for an IN-PERSON status conference to reset all necessary Case Management and Scheduling Order deadlines. Signed by Judge Mary S. Scriven on 6/27/2023. (APF)** (Entered: 06/27/2023) |
| 06/27/2023 | 134 | Fifth AMENDED COMPLAINT against 360 Booth Inc., Jay G. Smithweck with Jury Demand. filed by Stephen M. Swinford. Related document: 92 Amended Complaint filed by Stephen M. Swinford. (Attachments: # 1 Exhibit A '864 patent, # 2 Exhibit B '320 patent, # 3 Exhibit C1 '369 patent, # 4 Exhibit C2 '369 appln Publication, # 5 Exhibit 2D '369 2 door claim chart, # 6 Exhibit 2E '369 single door claim chart, # 7 Exhibit 3 '320 patent appln publication, # 8 Exhibit 4 '321 patent appln publication, # 9 Exhibit 5 '785 patent appln publication, # 10 Exhibit 6A1, # 11 Exhibit 6A2, # 12 Exhibit 6B, # 13 Exhibit 6C, # 14 Exhibit 7A, # 15 Exhibit 7B, # 16 Exhibit 7C, # 17 Exhibit 7D, # 18 Exhibit 8A, # 19 Exhibit 8B, # 20 Exhibit 8C, # 21 Exhibit 9, # 22 |

| | | |
|---|---|---|
| | | Exhibit 10, # 23 Exhibit 11A, # 24 Exhibit 11B, # 25 Exhibit 11C, # 26 Exhibit 11D, # 27 Exhibit 11E, # 28 Exhibit 11F, # 29 Exhibit X)(RLK) (Entered: 06/28/2023) |
| 06/28/2023 | 135 | Unopposed MOTION for Sean Hsu to Withdraw as Attorney by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) Motions referred to Magistrate Judge Julie S. Sneed. (Entered: 06/28/2023) |
| 06/28/2023 | 136 | **ORDER granting 135 Motion to Withdraw as Attorney. Attorney Sean Hsu withdrawn. Signed by Magistrate Judge Julie S. Sneed on 6/28/2023. (AKA)** (Entered: 06/28/2023) |
| 07/05/2023 | 137 | **ENDORSED ORDER SETTING STATUS CONFERENCE. This matter is hereby set for a status conference on Wednesday, August 2, 2023 at 1:30 PM in the Sam Gibbons United States Courthouse, Tampa, Florida, Courtroom 7A before United States District Judge Mary S. Scriven. The Court has set aside one (1) hour for this hearing. Lead counsel for each Party must appear in person. On or before July 21, 2023, the Parties shall file a Jointly Proposed Amended Case Management Report, advising as to which deadlines need to be reset in light of the Fifth Amended Complaint and listing the Parties' preferred dates. By separate notice and no later than one week before the hearing, the Parties shall also identify any additional issues they would like for the Court to address at the hearing. Signed by Judge Mary S. Scriven on 7/5/2023. (APF)** (Entered: 07/05/2023) |
| 07/11/2023 | 138 | ANSWER and affirmative defenses with Jury Demand to 134 Fifth Amended Complaint, Second Amended COUNTERCLAIM against Stephen M. Swinford by Jay G. Smithweck, 360 Booth Inc. (Attachments: # 1 Exhibit A - Defendants' Preliminary Invalidity Contentions, # 2 Exhibit B - '320 Claim Chart, # 3 Exhibit C - '321 Claim Chart, # 4 Exhibit D - '864 Claim Chart, # 5 Exhibit E - Email Thread, # 6 Exhibit F - Swinford's Declaration, # 7 Exhibit G - 2012 Communication re: Counterclaim Plaintiffs' photo booth, # 8 Exhibit H - Mirabel invoice referencing one wall) (Vinnakota, Rajkumar) Modified text on 7/13/2023 (JK). (Entered: 07/11/2023) |
| 07/21/2023 | 139 | CASE MANAGEMENT REPORT. (Vinnakota, Rajkumar) (Entered: 07/21/2023) |
| 07/26/2023 | 140 | NOTICE by 360 Booth Inc., Jay G. Smithweck re 137 Order setting status conference *Identifying Additional Issues* (Vinnakota, Rajkumar) (Entered: 07/26/2023) |
| 07/31/2023 | 141 | REPLY to 138 Counterclaim *and defenses* by Stephen M. Swinford. Related document: 138 Answer to amended complaint, Counterclaim filed by 360 Booth Inc., Jay G. Smithweck.(Mirabel, Eric) (Entered: 07/31/2023) |
| 08/02/2023 | 142 | Minute Entry. In Person Proceedings held before Judge Mary S. Scriven: STATUS CONFERENCE held on 8/2/2023. Court Reporter: Tana Hess (BCH) (Entered: 08/02/2023) |
| 08/04/2023 | 143 | **SUA SPONTE ORDER disregarding inappropriate correspondence. Signed by Judge Mary S. Scriven on 8/4/2023. (BCH)** (Entered: 08/04/2023) |
| 08/09/2023 | 144 | **ORDER on Case Management Conference matters. See Order for details. Signed by Judge Mary S. Scriven on 8/9/2023. (KDS)** (Entered: 08/09/2023) |
| 08/16/2023 | 145 | CASE MANAGEMENT REPORT. (Vinnakota, Rajkumar) (Entered: 08/16/2023) |
| 08/16/2023 | 146 | NOTICE of compliance re 144 Order by 360 Booth Inc., Jay G. Smithweck (Vinnakota, Rajkumar) (Entered: 08/16/2023) |
| 08/23/2023 | 147 | SUGGESTION of of Amended Joint Claim Construction Chart by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit A - Amended Joint Claim Construction |

| | | |
|---|---|---|
| | | Chart)(Evans, Christopher) (Entered: 08/23/2023) |
| 08/31/2023 | 148 | TRANSCRIPT of Status Conference held on August 2, 2023 before Judge Mary S. Scriven. Court Reporter/Transcriber: Tana J. Hess. Email address: tana_hess@flmd.uscourts.gov. Telephone number: 8133015207.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 9/21/2023. Redacted Transcript Deadline set for 10/2/2023. Release of Transcript Restriction set for 11/29/2023. (TJH) (Entered: 08/31/2023) |
| 10/04/2023 | 149 | **CASE MANAGEMENT AND SCHEDULING ORDER: (PATENT CASE) Pretrial statement due by 1/26/2024. Jury Trial set for March 2024 Trial Term, which commences 3/4/2024 with a more precise date to follow. Signed by Judge Mary S. Scriven on 10/4/2023. (KDS)** (Entered: 10/04/2023) |
| 10/17/2023 | 150 | Unopposed MOTION to File Excess Pages *in a summary judgment motion* by Stephen M. Swinford. (Mirabel, Eric) (Entered: 10/17/2023) |
| 10/17/2023 | 151 | **ENDORSED ORDER GRANTING 150 Unopposed Motion by Plaintiff for Leave to Include One Extra Page for a Table of Contents in Its Forthcoming Summary Judgment Motion. Plaintiff's motion for summary judgment on inequitable conduct shall not exceed 26 pages. Signed by Judge Mary S. Scriven on 10/17/2023. (KDS)** (Entered: 10/17/2023) |
| 11/01/2023 | 152 | First MOTION for Summary Judgment *Of No Inequitable Conduct* by Stephen M. Swinford. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R1, # 19 Exhibit R2)(Mirabel, Eric) Modified text on 11/2/2023 (KME). (Entered: 11/01/2023) |
| 11/06/2023 | 153 | NOTICE by Stephen M. Swinford *Preliminary Infringement Contentions{* (Attachments: # 1 Exhibit D, # 2 Exhibit 2A, # 3 Exhibit 2B, # 4 Exhibit 2C, # 5 Exhibit 2D, # 6 Exhibit 2E)(Mirabel, Eric) (Entered: 11/06/2023) |
| 11/07/2023 | 154 | MOTION for Clarification re 149 Case Management Scheduling Order by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit 1 - Email regarding deposition date) (Vinnakota, Rajkumar) (Entered: 11/07/2023) |
| 11/08/2023 | 155 | OPPOSED MOTION to Compel Deposition of Stephen M. Swinford and Motion for Sanctions by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit 1 - Emails regarding deposition dates, # 2 Exhibit 2 - Deposition Notice to Tiffany Swinford, # 3 Exhibit 3 - Deposition Notice to Stephen Swinord, # 4 Exhibit 4 - Emails regarding S. Swinford's deposition, # 5 Exhibit 5 - Deposition transcript of Stephen Swinford, # 6 Exhibit 6 - 8/2/2023 Status Conference Hearing Transcript)(Vinnakota, Rajkumar) Motions referred to Magistrate Judge Julie S. Sneed. Modified text on 11/9/2023 (JK). (Entered: 11/08/2023) |
| 11/09/2023 | 156 | MOTION for Hearing re 155 OPPOSED MOTION to Compel Deposition of Stephen M. Swinford and Motion for Sanctions , 154 MOTION for Clarification re 149 Case Management Scheduling Order by All Defendants. (Attachments: # 1 Exhibit 1 - Email |

| | | |
|---|---|---|
| | | string between counsel, # 2 Exhibit 2 - Email from E. Mirabel, # 3 Exhibit 3 - Email from E. Mirabel)(Vinnakota, Rajkumar) (Entered: 11/09/2023) |
| 11/10/2023 | 157 | RESPONSE in Opposition re 156 MOTION for Hearing re 155 OPPOSED MOTION to Compel Deposition of Stephen M. Swinford and Motion for Sanctions , 154 MOTION for Clarification re 149 Case Management Scheduling Order filed by Stephen M. Swinford. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mirabel, Eric) (Entered: 11/10/2023) |
| 11/10/2023 | 158 | Unopposed MOTION for Amanda L. DeGroote to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-21451237 for $150 by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) Motions referred to Magistrate Judge Julie S. Sneed. (Entered: 11/10/2023) |
| 11/13/2023 | 159 | RESPONSE in Opposition re 154 MOTION for Clarification re 149 Case Management Scheduling Order filed by Stephen M. Swinford. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Mirabel, Eric) (Entered: 11/13/2023) |
| 11/13/2023 | 160 | **ORDER granting 158 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Julie S. Sneed on November 13, 2023. (DAD)** (Entered: 11/13/2023) |
| 11/15/2023 | 161 | RESPONSE in Opposition re 155 OPPOSED MOTION to Compel Deposition of Stephen M. Swinford and Motion for Sanctions filed by Stephen M. Swinford. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Mirabel, Eric) (Entered: 11/15/2023) |
| 11/21/2023 | 162 | STIPULATION of Agreed Material Facts for Inequitable Conduct by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) Modified docket text on 11/22/2023 (JTM). (Entered: 11/21/2023) |
| 11/30/2023 | 163 | **ENDORSED ORDER GRANTING 154 Defendants' Opposed Motion for Clarification of the Court's Amended Case Management and Scheduling Order; DENYING AS MOOT 155 Defendants' Opposed Motion to Compel Deposition of Plaintiff Stephen M. Swinford and Motion for Sanctions; and DENYING AS MOOT 156 Defendants' Motion for Oral Argument Hearing. The inequitable conduct discovery deadline shall be extended to December 29, 2023, during which time the Parties can complete the deposition of Stephen M. Swinford. Defendants shall have up to and including January 29, 2024, to respond to Plaintiff's Motion for Summary Judgment of No Inequitable Conduct. (Dkt. 152) A proposed second amended case management and scheduling order will be entered separately. Should any case management and scheduling issues remain unresolved in this proposed order, or should the Parties require additional time for a deadline, the Parties are directed to file a joint motion within seven (7) days of the entry of this Order. If no motion is filed, the proposed Order will become final. The Court apologizes for the confusion the First Amended Case Management and Scheduling Order caused. Signed by Judge Mary S. Scriven on 11/30/2023. (KDS)** (Entered: 11/30/2023) |
| 11/30/2023 | 164 | **SECOND AMENDED CASE MANAGEMENT AND SCHEDULING ORDER: (PATENT CASE) Pretrial Statement for Inequitable Conduct Proceeding due by 6/10/2024. Jury Trial for Inequitable Conduct Proceeding set for August 2024 Trial Term, which commences 8/5/2024 with a more precise date to follow. Pretrial Statement for Patent Proceeding due by 10/17/2025. Jury Trial for Patent Proceeding set for December 2025 Trial Term, which commences 12/1/2025 with a more precise date to follow. Signed by Judge Mary S. Scriven on 11/30/2023. (KDS)** (Entered: 11/30/2023) |

| | | |
|---|---|---|
| 12/01/2023 | 165 | SUGGESTION of Defendants' Preliminary Invalidity Contentions by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit A1 - A41 - '320 Patent Prior Art Charts, # 2 Exhibit B1 - B41 - '321 Patent Prior Art Charts, # 3 Exhibit C1 - C46 - '864 Patent Prior Art Charts, # 4 Exhibit D1 - D46 - '369 Patent Prior Art Charts)(Vinnakota, Rajkumar) (Entered: 12/01/2023) |
| 01/08/2024 | 166 | Unopposed MOTION for Christopher Evans to Withdraw as Attorney by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) Motions referred to Magistrate Judge Julie S. Sneed. (Entered: 01/08/2024) |
| 01/08/2024 | 167 | Unopposed MOTION to File Excess Pages by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 01/08/2024) |
| 01/09/2024 | 168 | **ENDORSED ORDER directing the Defendants to supplement 166 Defendants' Unopposed Motion for Withdrawal of Counsel to satisfy the requirements of the Middle District of Florida Local Rule 2.02(c)(2). Signed by Magistrate Judge Julie S. Sneed on January 9, 2024. (PNT)** (Entered: 01/09/2024) |
| 01/11/2024 | 169 | **ENDORSED ORDER GRANTING 167 Defendants' Unopposed Motion for Leave to File Additional Pages in Defendants' Response to Plaintiff's Motion for Summary Judgment of No Inequitable Conduct. Defendants shall be permitted to file a response that does not exceed twenty-two (22) pages, exclusive of captions, tables of contents or authorities, certifications or certificates, and exhibits. Signed by Judge Mary S. Scriven on 1/11/2024. (AC)** (Entered: 01/11/2024) |
| 01/29/2024 | 170 | RESPONSE in Opposition re 152 First MOTION for Summary Judgment *OF NO INEQUITABLE CONDUCT* filed by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Affidavit Declaration of Rajkumar Vinnakota, # 2 Exhibit 3 - June 2016 Invoice, # 3 Exhibit 16 - '650 Patent Application Filing Receipt, # 4 Exhibit 17 - '650 Patent Notice, # 5 Exhibit 19 - 11/6/16 Email from Swinford to Mirabel, # 6 Exhibit 28 - '650 Patent Notice of Abandonment, # 7 Appendix 30 - 2/23/18 Email from Mirabel to Swinford, # 8 Exhibit 31 - 7/18/18 Email from Mirabel to Swinford, # 9 Exhibit 32 - 9/22/18 Email from Mirabel to Swinford, # 10 Exhibit 40 - '650 Patent Petition for Benefit of Earlier Filing Date, # 11 Exhibit 41 - '650 Patent Petition for Revival, # 12 Exhibit 42 - '650 Patent Petition to Accelerate a Revival Petition, # 13 Exhibit 43 - '650 Patent Declaration of S. Swinford to Revive the Application, # 14 Exhibit 47 - Substitute Declaration of S. Swinford, # 15 Exhibit 48 - 7/28/22 Email from Mirabel to Swinford, # 16 Exhibit 50 - '650 Patent Dismissal of Petition to Revive, # 17 Exhibit 51 - 8/15/22 Eric Mirabel Declaration, # 18 Exhibit 52 - '650 Patent Request for Reconsideration of Petition to Revive, # 19 Exhibit 53 - '650 Patent Revised Petition for Benefit of Earlier Filing Date, # 20 Exhibit 54 - 2nd Substitute Declaration of S. Swinford, # 21 Exhibit 58 - 9/23/22 Eric Mirabel Declaration, # 22 Exhibit 61 - 9/23/22 Stephen Swinford Declaration, # 23 Exhibit 62 - Decision Granting Petition to Revive the '650 Application, # 24 Exhibit 78 - 9/5/23 Plaintiff's Document Production in Response to Defendants' 4th Requests for Production, # 25 Exhibit 81 - '320 Patent File History, # 26 Exhibit 82 - '321 Patent File History, # 27 Exhibit 87 - the '320 Patent, # 28 Exhibit 88 - Exhibit H to Jay Smithweck's Declaration, # 29 Exhibit 89 - Exhibit I to Jay Smithweck's Declaration, # 30 Exhibit 90 - Emails between Smithweck and Swinford forwarded from Swinford to Mirabel on 2/2/22, # 31 Exhibit 91 - 9/9/12 Email from Mirabel to Smithweck, # 32 Exhibit 92 - '740 Patent File History, # 33 Exhibit 93 - September 2014 Invoice, # 34 Exhibit 94 - '864 Patent File History, # 35 Exhibit 95 - the '740 Patent, # 36 Exhibit 96 - the '864 Patent, # 37 Exhibit 99 - Eric Mirabel's deposition transcript taken on 10/27/23, # 38 Exhibit 101 - Swinford's Declaration in Support of his Motion for Summary Judgment on No Inequitable Conduct, # 39 Exhibit 104 - 12/29/12 Email from Mirabel to Swinford, # 40 Exhibit 107 - the '321 Patent, # 41 Exhibit 111 - Stephen Swinford's deposition transcript taken |

| | | |
|---|---|---|
| | | on 11/7/23, # 42 Exhibit 122 - Stephen Swinford's deposition transcript taken on 12/21/23)(Vinnakota, Rajkumar) (Entered: 01/29/2024) |
| 02/05/2024 | 171 | REPLY to Response to Motion re 152 First MOTION for Summary Judgment *OF NO INEQUITABLE CONDUCT* filed by Stephen M. Swinford. (Attachments: # 1 Exhibit S '320 patent reinstatement petition, # 2 Exhibit T '321 patent reinstatement petition, # 3 Exhibit U MPEP foreward section, # 4 Exhibit V Correspondence re Canadian Patent, # 5 Exhibit W Dismissal of revival petition, # 6 Exhibit X Dismissal of revival petition)(Mirabel, Eric) (Entered: 02/05/2024) |
| 03/05/2024 | 172 | Case Reassigned to Magistrate Judge Unassigned Magistrate. New case number: 8:21-cv-2993-MSS-UAM. Magistrate Judge Julie S. Sneed no longer assigned to the case. (SET) (Entered: 03/05/2024) |
| 05/13/2024 | 173 | NOTICE of change of address by Christopher Liimatainen Evans (Evans, Christopher) (Entered: 05/13/2024) |
| 05/13/2024 | 174 | NOTICE TO COUNSEL Christopher Liimatainen Evans of Local Rule 2.01(b)(2)(B), which requires members of the Middle District bar to maintain with the clerk a current telephone number, mailing address, and email address. Update your contact information for the Middle District through PACER. (Signed by Deputy Clerk). (MCB) (Entered: 05/13/2024) |
| 05/14/2024 | 175 | NOTICE of change of address by Christopher Liimatainen Evans (Evans, Christopher) (Entered: 05/14/2024) |
| 05/17/2024 | 176 | MOTION for Bradford J. Duft to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-22103382 for $150 by Stephen M. Swinford. (Mirabel, Eric) Motions referred to Magistrate Judge Unassigned Magistrate. (Entered: 05/17/2024) |
| 05/17/2024 | 177 | **ENDORSED ORDER granting Plaintiff's 176 Unopposed Motion for Special Admission as to attorney Bradford J. Duft. If counsel has not already done so, within fourteen (14) days hereof, he shall complete the e-filer registration (more information available at https://www.flmd.uscourts.gov/for-lawyers). Counsel shall also ensure that he adheres to the typeface requirement set forth in Local Rule 1.08 in all future filings. Signed by Magistrate Judge Christopher P. Tuite on 5/17/2024. (MEL)** (Entered: 05/17/2024) |
| 05/23/2024 | 178 | MOTION for Trial Continuance and Extension of Pretrial Deadlines in the Second Amended Case Management and Scheduling Order by Stephen M. Swinford. (Attachments: # 1 Exhibit A1, # 2 Exhibit A2, # 3 Exhibit A3, # 4 Exhibit A4, # 5 Exhibit B)(Mirabel, Eric) (Modified on 5/24/2024, to edit text) (BGR). (Entered: 05/23/2024) |
| 05/23/2024 | 179 | Unopposed MOTION for Extension of Pretrial Deadlines in the Second Amended Case Management and Scheduling Order by Stephen M. Swinford. (Attachments: # 1 Exhibit A)(Mirabel, Eric) (Modified on 5/24/2024, to edit text) (BGR). (Entered: 05/23/2024) |
| 05/31/2024 | 180 | **ENDORSED ORDER GRANTING IN PART 179 Plaintiff's Unopposed Motion for Extension of Pretrial Deadlines. Plaintiff's request for an extension of the deadline to file the Joint Final Pretrial Statement is GRANTED IN PART as set forth herein. The Parties shall file the Joint Final Pretrial Statement on or before July 10, 2024. All other deadlines will remain the same pending the Court's resolution of 178 Plaintiff's Motion for Trial Continuance and Extension of Pretrial Deadlines. The Court will resolve 178 Plaintiff's Motion for Trial Continuance and Extension of Pretrial Deadlines either upon the receipt of** |

| | | Defendant's response or the expiration of Defendant's time to respond. Signed by Judge Mary S. Scriven on 5/31/2024. (AC) (Entered: 05/31/2024) |
|---|---|---|
| 06/05/2024 | 181 | RESPONSE in Opposition re 178 MOTION to Continue *Inequitable Conduct Trial Set for Aug. 5 Trial Term* filed by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit A - 4/15/2023 Email from E. Mirabel re: appearance of Mr. Duft, # 2 Exhibit B - August 2023 Emails from E. Mirabel to opposing counsel, # 3 Exhibit C - Excerpts of 8/2/2023 Hearing)(Vinnakota, Rajkumar) (Entered: 06/05/2024) |
| 06/10/2024 | 182 | **ORDER DENYING 178 Plaintiff's Motion for Trial Continuance and Extension of Pretrial Deadlines. Signed by Judge Mary S. Scriven on 6/10/2024. (AC)** (Entered: 06/10/2024) |
| 06/11/2024 | 183 | NOTICE TO COUNSEL Bradford J. Duft Local Rule 2.01(c), Special Admission - Submit a Pro Hac Vice E-File Registration through PACER. Visit www.flmd.uscourts.gov/for-lawyers for details (Signed by Deputy Clerk). (GL) (Entered: 06/11/2024) |
| 06/11/2024 | 184 | NOTICE TO ALL COUNSEL of Local Rule 2.02(a), which states, "The first paper filed on behalf of a party must designate only one lead counsel who - unless the party changes the designation - remains lead counsel throughout the action." Counsel must file a **Notice of Lead Counsel Designation** identifying lead counsel. (Signed by Deputy Clerk). (GL) (Entered: 06/11/2024) |
| 06/11/2024 | 185 | NOTICE of Lead Counsel Designation by Rajkumar Vinnakota on behalf of 360 Booth Inc., Jay G. Smithweck. Lead Counsel: Rajkumar Vinnakota. (Vinnakota, Rajkumar) (Entered: 06/11/2024) |
| 06/12/2024 | 186 | NOTICE of Lead Counsel Designation by Eric P. Mirabel, I on behalf of Stephen M. Swinford. Lead Counsel: Bradford J. Duft. (Mirabel, Eric) (Entered: 06/12/2024) |
| 06/12/2024 | 187 | NOTICE of Suggestion of Amending a Portion of the Scheduling Order in View of the Orders of May 31, 2024 180 and June 10, 2024 182 by Stephen M. Swinford. (Mirabel, Eric) Modified on 6/13/2024 to edit docket text (JDR). (Entered: 06/12/2024) |
| 06/13/2024 | 188 | **ENDORSED GRANTING IN PART 187 the extension of the deadlines in advance of the August trial in this case. The deadline for dispositive motions has passed. Any other motions other than Motions in Limine retain the June 17, 2024 deadline. The Parties are given a brief extension to file Motions in Limine. Motions in Limine must be filed on or before July 1, 2024. Any responses to Motions in Limine must be filed on or before July 9, 2024. The Parties shall file the Inequitable Conduct Trial Briefs and Deposition Transcripts with Designations Highlighted on or before July 16, 2024. Plaintiff is DIRECTED to comply with the Local Rules of the Middle District of Florida, including, but not limited to 3.01, when filing requests for relief in the future. Any document requesting relief that is not filed as a motion may be inadvertently overlooked by the Court as a document requiring Court action. Signed by Judge Mary S. Scriven on 6/13/2024. (AC)** (Entered: 06/13/2024) |
| 06/17/2024 | 189 | Joint MOTION for Clarification *and to Request Confirmation of Bench Trial* by 360 Booth Inc., Jay G. Smithweck. (DeGroote, Amanda) (Entered: 06/17/2024) |
| 06/17/2024 | 190 | **ENDORSED ORDER GRANTING 189 Joint Motion to Request Confirmation of Bench Trial. The trial on inequitable conduct set for the August trial term will be a bench trial. The Court does not intend to empanel an advisory jury. Signed by Judge Mary S. Scriven on 6/17/2024. (AC)** (Entered: 06/17/2024) |

| 06/28/2024 | 191 | NOTICE of hearing: Bench Trial set for 8/5/2024 at 09:00 AM in Tampa Courtroom 7 A before Judge Mary S. Scriven. The Court has reserved two (2) days for this trial. (BCH) Modified on 7/1/2024 (BCH). (Entered: 06/28/2024) |
| --- | --- | --- |
| 07/10/2024 | 192 | NOTICE of Appearance by Stefan Vaughn Stein on behalf of Stephen M. Swinford (Stein, Stefan) (Entered: 07/10/2024) |
| 07/10/2024 | 193 | Joint MOTION for Extension of Time to File Pretrial Statement by Stephen M. Swinford. (Stein, Stefan) (Entered: 07/10/2024) |
| 07/10/2024 | 194 | **ENDORSED ORDER GRANTING 193 Joint Motion for Extension of Time to File Pretrial Statement. On or before July 15, 2024, the Parties may file their joint pretrial statement, including witness lists and exhibit lists with objections on the approved form. Signed by Judge Mary S. Scriven on 7/10/2024.(AC)** (Entered: 07/10/2024) |
| 07/11/2024 | 195 | Time Sensitive MOTION to Continue *Bench Trial* by Stephen M. Swinford. (Attachments: # 1 Exhibit A)(Stein, Stefan) (Entered: 07/11/2024) |
| 07/11/2024 | 196 | **ENDORSED ORDER DIRECTING the Parties to advise the Court of their availability for all days in the week of September 23 to September 27, 2024. The Court has not yet canceled the trial currently scheduled for August 5 and 6, 2024, but is assessing the feasibility of doing so. The Parties are to advise the Court of their availability by noon tomorrow, July 12, 2024. Signed by Judge Mary S. Scriven on 7/11/2024. (AC)** (Entered: 07/11/2024) |
| 07/11/2024 | 197 | RESPONSE in Opposition re 195 Time Sensitive MOTION to Continue *Bench Trial* filed by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 07/11/2024) |
| 07/12/2024 | 198 | NOTICE of compliance re 196 Order *Plaintiff's Notice of Availability* by Stephen M. Swinford (Stein, Stefan) (Entered: 07/12/2024) |
| 07/12/2024 | 199 | NOTICE of compliance re 196 Order *Defendants' Notice of Availability* by 360 Booth Inc., Jay G. Smithweck (Vinnakota, Rajkumar) (Entered: 07/12/2024) |
| 07/15/2024 | 200 | **ORDER DENYING 195 Plaintiff's Urgent Opposed Motion for Continuance of Bench Trial. Signed by Judge Mary S. Scriven on 7/15/2024. (AC)** (Entered: 07/15/2024) |
| 07/15/2024 | 201 | PRETRIAL statement by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit A - Plaintiff's List of Exhibits, # 2 Exhibit B - Defendants' List of Exhibits, # 3 Exhibit C - Plaintiff's List of Witnesses, # 4 Exhibit D - Defendants' List of Witnesses, # 5 Exhibit E - Plaintiff's Deposition Designations, # 6 Exhibit F - Defendants' Deposition Designations)(Vinnakota, Rajkumar) (Entered: 07/15/2024) |
| 07/16/2024 | 202 | NOTICE of Filing Deposition Transcripts with Designations Highlighted by 360 Booth Inc., Jay G. Smithweck re 188 Order . (Attachments: # 1 Exhibit A - Deposition Transcript of Tiffany Swinford with Designations Highlighted)(Vinnakota, Rajkumar) Modified on 7/17/2024 to edit text (ELM). (Entered: 07/16/2024) |
| 07/16/2024 | 203 | Joint MOTION to File Excess Pages *in Trial Briefs* by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 07/16/2024) |
| 07/16/2024 | 204 | TRIAL BRIEF by Stephen M. Swinford. (Attachments: # 1 Appendix 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Stein, Stefan) (Entered: 07/16/2024) |
| 07/16/2024 | 205 | TRIAL BRIEF by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 07/16/2024) |

| 07/16/2024 | 206 | PROPOSED findings of fact and conclusions of law by Stephen M. Swinford. (Mirabel, Eric) (Entered: 07/16/2024) |
|---|---|---|
| 07/16/2024 | 207 | PROPOSED findings of fact and conclusions of law by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 07/16/2024) |
| 07/17/2024 | 208 | **ENDORSED ORDER GRANTING nunc pro tunc 203 Joint Motion for Leave to File Additional Pages in Trial Briefs. The Court accepts 204 Plaintiff's Trial Brief and 205 Defendants' Trial Brief as filed. Signed by Judge Mary S. Scriven on 7/17/2024. (AC)** (Entered: 07/17/2024) |
| 07/18/2024 | 209 | SECOND NOTICE TO COUNSEL Bradford J. Duft Local Rule 2.01(c), Special Admission - Submit a Pro Hac Vice E-File Registration through PACER. Visit www.flmd.uscourts.gov/for-lawyers for details (Signed by Deputy Clerk). (GL) (Entered: 07/18/2024) |
| 07/30/2024 | 210 | Joint MOTION to Allow Electronic Equipment, specifically Personal laptops, related audio visual equipment, and cell phones *for Stefan V. Stein, Eric Mirabel, Caleb Cannon and Andrea Hegedish* by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 07/30/2024) |
| 07/31/2024 | 211 | **ORDER GRANTING 210 Motion to Allow Electronic Equipment. Signed by Judge Mary S. Scriven on 7/31/2024. (AC)** (Entered: 07/31/2024) |
| 08/02/2024 | 212 | Exhibit List *Joint Notice of Amended Exhibit Lists* by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit A - Plaintiff's Amended Exhibit List with Defendants' Objections, # 2 Exhibit B - Defendants' Amended Exhibit List with Plaintiff's Objections)(Vinnakota, Rajkumar) (Entered: 08/02/2024) |
| 08/05/2024 | 213 | Minute Entry. In Person Proceedings held before Judge Mary S. Scriven: BENCH TRIAL DAY 1 held on 8/5/2024. Court Reporter: David Collier (BCH) (Entered: 08/06/2024) |
| 08/06/2024 | 214 | Minute Entry. In Person Proceedings held before Judge Mary S. Scriven: BENCH TRIAL completed on 8/6/2024. Court Reporter: David Collier (BCH) (Entered: 08/06/2024) |
| 08/07/2024 | 215 | **ENDORSED ORDER. This action is administratively closed pending the Court's ruling on Defendants' claims on inequitable conduct. The Parties may file amended proposed findings of fact and conclusions of law within fourteen (14) days of the date on which the transcript is filed on the docket. The Clerk is directed to ADMINISTRATIVELY CLOSE this case. Signed by Judge Mary S. Scriven on 8/7/2024. (AC)** (Entered: 08/07/2024) |
| 08/13/2024 | 216 | TRANSCRIPT of BENCH TRIAL - DAY 1 held on August 5, 2024 before District Judge Mary S. Scriven. Court Reporter: David J. Collier. Email address: david_collier@flmd.uscourts.gov. Telephone number: (813) 301-5575.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 9/3/2024. Redacted Transcript Deadline set for 9/13/2024. Release of Transcript Restriction set for 11/12/2024. (DJC) (Entered: 08/13/2024) |

| | | |
|---|---|---|
| 08/13/2024 | 217 | TRANSCRIPT of BENCH TRIAL - DAY 2 held on August 6, 2024 before District Judge Mary S. Scriven. Court Reporter: David J. Collier. Email address: david_collier@flmd.uscourts.gov. Telephone number: (813) 301-5575.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 9/3/2024. Redacted Transcript Deadline set for 9/13/2024. Release of Transcript Restriction set for 11/12/2024. (DJC) (Entered: 08/13/2024) |
| 08/26/2024 | 218 | Plaintiff's Exhibit List by Stephen M. Swinford. (Attachments: # 1 Exhibit 1, # 2 Exhibit 7, # 3 Exhibit 13, # 4 Exhibit 14, # 5 Exhibit 15, # 6 Exhibit 31, # 7 Exhibit 63, # 8 Exhibit 71, # 9 Exhibit 82)(BCH) (Entered: 08/26/2024) |
| 08/27/2024 | 219 | AMENDED PROPOSED findings of fact and conclusions of law by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) Modified text on 8/28/2024 (BD). (Entered: 08/27/2024) |
| 08/27/2024 | 220 | PROPOSED findings of fact and conclusions of law by Stephen M. Swinford. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mirabel, Eric) (Entered: 08/27/2024) |
| 09/06/2024 | 221 | **ENDORSED ORDER. The Parties are DIRECTED to provide the Court with copies of Defendants' Amended Proposed Findings of Fact and Conclusions of Law, (Dkt. 219), and Plaintiff's Proposed Findings of Fact and Conclusions of Law, (Dkt. 220), in Word Document format. The Parties shall send the documents in Word Document format to chambers_flmd_scriven@flmd.uscourts.gov on or before September 11, 2024. Signed by Judge Mary S. Scriven on 9/6/2024. (AC)** (Entered: 09/06/2024) |
| 07/28/2025 | 222 | **FINDINGS OF FACT and CONCLUSIONS OF LAW. Within thirty (30) days of the date of this Order, the Parties are DIRECTED to file a joint proposal as to how this case should proceed. Signed by Judge Mary S. Scriven on 7/28/2025. (AC)** (Entered: 07/28/2025) |
| 08/25/2025 | 223 | Defendant's Exhibit List and Admitted Exhibits from Bench Trial held 8/5/2024 by 360 Booth Inc., Jay G. Smithweck. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27), # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46), # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65) , # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 70, # 71 Exhibit 71, # 72 Exhibit 72, # 74 Exhibit 73, # 75 Exhibit 74, # 76 Exhibit 75, # 77 Exhibit 76, # 78 Exhibit 77, # 79 Exhibit 78, # 80 Exhibit 79, # 81 Exhibit 80, # 82 Exhibit 81) , # 83 Exhibit 82, # 84 Exhibit 83, # 85 Exhibit 84, # 86 |

Exhibit 85, # [87] Exhibit 86, # [88] Exhibit 87, # [89] Exhibit 88) , # [90] Exhibit 89, # [91] Exhibit 90, # [92] Exhibit 91, # [93] Exhibit 92, # [95] Exhibit 93, # [96] Exhibit 94, # [97] Exhibit 95, # [98] Exhibit 96, # [99] Exhibit 97, # [100] Exhibit 98, # [101] Exhibit 99, # [102] Exhibit 100, # [103] Exhibit 101, # [104] Exhibit 102, # [105] Exhibit 103, # [106] Exhibit 104, # [107] Exhibit 105, # [108] Exhibit 107, # [109] Exhibit 108, # [110] Exhibit 109), # [111] Exhibit 110, # [112] Exhibit 111, # [113] Exhibit 112, # [114] Exhibit 113, # [115] Exhibit 114, # [116] Exhibit 115, # [117] Exhibit 116, # [118] Exhibit 117, # [119] Exhibit 118, # [120] Exhibit 119, # [121] Exhibit 120, # [122] Exhibit 121, # [123] Exhibit 122, # [124] Exhibit 123) , # [125] Exhibit 124, # [126] Exhibit 125, # [127] Exhibit 126, # [129] Exhibit 127, # [130] Exhibit 128, # [131] Exhibit 129, # [132] Exhibit 130, # [133] Exhibit 131, # [134] Exhibit 132, # [135] Exhibit 133, # [136] Exhibit 134, # [137] Exhibit 135, # [138] Exhibit 136, # [139] Exhibit 137, # [140] Exhibit 138, # [141] Exhibit 140, # [142] Exhibit 141, # [143] Exhibit 142, # [144] Exhibit 143) , # [145] Exhibit 144, # [146] Exhibit 145, # [147] Exhibit 146, # [148] Exhibit 147, # [149] Exhibit 148, # [150] Exhibit 149, # [151] Exhibit 150, # [152] Exhibit 151, # [153] Exhibit 152, # [154] Exhibit 153, # [155] Exhibit 154, # [156] Exhibit 155, # [157] Exhibit 156, # [158] Exhibit 157, # [159] Exhibit 158, # [160] Exhibit 159, # [161] Exhibit 160) (CRB). Modified on 8/26/2025 to clean up docket text (CRB). (Entered: 08/25/2025)

| | | |
|---|---|---|
| 08/27/2025 | 224 | NOTICE of Joint Proposal by 360 Booth Inc., Jay G. Smithweck re [222] Findings of Fact and Conclusions of Law (Vinnakota, Rajkumar) Modified docket text on 8/27/2025 (JOS). (Entered: 08/27/2025) |
| 09/05/2025 | 225 | MOTION for Leave to file Brief for Plaintiff's Proposal for Stay, In the Parties Proposal for Further Proceedings by Stephen M. Swinford. (Mirabel, Eric) Modified on 9/5/2025 to edit the docket text (MLB). (Entered: 09/05/2025) |
| 09/19/2025 | 226 | RESPONSE in Opposition re [225] Leave to file Brief for Plaintiff's Proposal for Stay, In the Parties Proposal for Further Proceedings filed by 360 Booth Inc., Jay G. Smithweck. (Vinnakota, Rajkumar) (Entered: 09/19/2025) |
| 09/29/2025 | 227 | **ENDORSED ORDER DENYING Plaintiff's Motion for Leave to file Brief for Plaintiff's Proposal for Stay [225]. The Court has reviewed the Parties' respective positions as to how the case should proceed and will address the positions by separate order to follow. Signed by Judge Mary S. Scriven on 9/29/2025. (KMF)** (Entered: 09/29/2025) |
| 09/29/2025 | 228 | **ORDER. The Clerk of the Court is DIRECTED to ENTER JUDGMENT in favor of Defendants and against Plaintiff on the '320 Patent, '321 Patent, and '369 Patent. See order for details. The Court STAYS consideration of whether this is an exceptional case until the conclusion of an appeal. The fourteen (14) day clock to file any motions seeking an award of attorneys' fees and/or costs will TOLL until the conclusion of Plaintiff's appeal. A status conference regarding the Court's planned course of action for the '864 Patent will be set by separate notice. Signed by Judge Mary S. Scriven on 9/29/2025. (KMF)** (Entered: 09/29/2025) |
| 10/01/2025 | 229 | **JUDGMENT is entered in favor of Defendants and against Plaintiff on the '320 Patent, '321 Patent, and '369 Patent. Signed by Deputy Clerk on 10/1/2025. (AM)** (Entered: 10/01/2025) |
| 10/30/2025 | 230 | NOTICE OF APPEAL as to [222] Findings of Fact and Conclusions of Law, [229] Judgment by Stephen M. Swinford. Filing fee $ 605, receipt number AFLMDC-24056459. (Mirabel, Eric) (Entered: 10/30/2025) |